UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————— x

MILTON CIPLET, Individually and on Behalf :    Civil Action No. 08-CV-4580 (RMB)
of Itself and All Others Similarly Situated,    :

            :    CLASS ACTION

           Plaintiff,    :

           :

     vs.    :

           :

JPMORGAN CHASE & CO. and J.P.    :
MORGAN SECURITIES INC,    :

           :

           Defendants.    :

           :

MARK SCHARFF, PINE SASH DOOR &    :
LUMBER CO., INC., MARK SCHARFF &    :
ASSOCIATES LLC, 2170 MILL AVENUE    :
LLC, 6202-6217 REALTY LLC, MARK      Civil Action No. 08-CV-5026 (RMB)
SCHARFF ITF MICHAEL SCHARFF,    :
MARK SCHARFF ITF DANIEL SCHARFF    :    CLASS ACTION
And MARK SCHARFF ITF ARIEL    :
SCHARFF, Individually and On Behalf of All    :
Others Similarly Situated,    :

           :

           Plaintiffs,    :

           :

     vs.    :

           :

JPMORGAN CHASE BANK & CO., J.P.    :
MORGAN SECURITIES, INC. and CHASE    x
INVESTMENT SERVICES CORP.,

           Defendants.

———————————————————————

DECLARATION OF MARC E. SCOLLAR IN SUPPORT OF THE MOTION OF
MILTON CIPLET, MARK SCHARFF, PINE SASH DOOR & LUMBER CO., INC.,
MARK SCHARFF & ASSOCIATES LLC, 2170 MILL AVENUE LLC, 6202-6217
REALTY LLC, MARK SCHARFF ITF MICHAEL SCHARFF, MARK SCHARFF ITF
DANIEL SCHARFF AND MARK SCHARFF ITF ARIEL SCHARFF FOR
APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD
COUNSEL

MARC E. SCOLLAR, ESQ. an attorney duly admitted to practice before this Court hereby declares pursuant to 28 U.S.C. § 1746, that the following is true and correct.

1.    I am the principal attorney of the Law Offices of Marc E. Scollar, Esq., counsel for the Scharff Plaintiffs and submit this Declaration in support of the Motion of Milton Ciplet, Mark Scharff, Pine Sash Door & Lumber Co., Inc., Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC, Mark Scharff ITF Michael Scharff ITF Daniel Scharff and Mark Scharff ITF Ariel Scharff, collectively known as the "ARS Investor Group", for Appointment of Lead Plaintiff and Approval of Selection of Lead Counsel.

2.    Pursuant to Section 78u-4(a)(3)(A)(i) of the Private Securities Litigation Reform Act ("PSLRA"), on June 20, 2008, the Law Offices of Marc E. Scollar, Esq. caused to be published a notice over a national business-oriented wire service, BusinessWire, advising members of the proposed class that a securities class action was filed and that investors had the right to move for appointment as lead plaintiff.  Attached hereto as Exhibit A are true and accurate copies of the notices.

3.    Ciplet and the Scharff Plaintiffs, collectively the ARS Investor Group, completed certifications in accordance with Section 78u-4(a)(3)(B)(iii)(I)(aa) of the PSLRA.  Attached hereto as Exhibit B and C are true and accurate copies of their certifications.

4.    A true and accurate copy of the Law Offices of Marc E. Scollar, Esq.'s

firm resume is attached hereto as Exhibit D.

5.      My firm is a full-service complex, transactional law firm serving clients throughout the City of New York.

6.      I have personally handled hundreds of cases from start to completion on a variety of different legal fields and forums. I have selected a dozen or more juries and several of these cases went to verdict. I have perfected at least twenty (20) appeals to the New York State Supreme Court, Appellate Division, and the Appellate Term. I have been involved in hundreds of bench trials and hearings involving matrimonial law, commercial law, complex real estate law and tort law.

7.      I have represented both plaintiffs and defendants in several Federal Court actions relating to civil rights violations, estate law (probate exception) and complex Chapter 11 litigation. I am also a partner in a title insurance agency. I have rendered legal advice on behalf of the title company. I have provided legal advice on title issues for almost twenty (20) years)

8.      My father, Samuel L. Scollar, who is my mentor, my associate and informal partner, is experienced in complex litigation. Mr. Scollar was admitted to the New York State Bar Association in 1958. He is admitted to the Eastern District of New York. He has a wealth of experience in all complex legal matters. He has tried numerous cases, selected juries, perfected appeals and is experienced in all such matters. More particularly, he was chief counsel for New York Suburban Federal Savings & Loan Association where he was involved in numerous

complex banking and legal transactions, including numerous lawsuits regarding the banking and securities.

I declare under penalty of perjury that the foregoing is true and correct. Executed on the 4th day of August 2008.

_____
MARC E. SCOLLAR, ESQ.

# EXHIBIT A



**News and Free PR**



*Action against JP Morgan Chase & Co.*

## JP Morgan Chase & Co. charged with deceptive practices by failing to disclose material facts regarding Auction Rate Securites

2008-06-20 00:21:47 -

Contact Marc Scollar at:
1 718 720-4505
For Immediate Release:

Please Take Notice, the Law Office of Marc E. Scollar, Esq., has commenced a class action suit against JPMorgan Chase & Co.

NEW YORK, NY: On behalf of his clients, Marc E. Scollar is seeking damages against defendants, JPMorgan Chase & Co., J.P. Morgan Securities, Inc. and Chase Investment Service Corp. The plaintiff-class alleges that the defendants deceived by failing to disclose to investors material facts regarding auction rate securities. Defendants knew, but failed to disclose, that auction rate securities were only liquid at the time of sale because defendants were artificially supporting and manipulating the auction market to maintain the appearance of liquidity and stability. Defendants knew, but failed to disclose, that auction rate securities would become illiquid as soon as defendants stopped maintaining the auction market. See United Sates District Court, Southern District, Case No. 1:08-cv-5026.

If you purchased or have acquired such a security and are interested in becoming part of this class action lawsuit, please contact the office of Marc E. Scollar, Esq., at scollaratlaw@aol.com. You may contact the office by telephone (718) 720-4505.

You may request to participate in the lawsuit as lead plaintiff. If you are approved by the court, you may be nominated to be the lead plaintiff and you will act as the representative of the class. Please let me know if you are interested in becoming a lead plaintiff in this lawsuit and I will provide further information for you.

If you have a similar case and you need legal assistance, or if you have any questions regarding this NOTICE , please contact the office of Marc E. Scollar, Esq (718) 720-4505.

### Auction Rate Securities
Duff & Phelps is leading provider of illiquid securities valuation

**Autor:**
**Marc Scollar**
e-mail
Web: http://scollaratlaw.com
Telefon: 917-664-6232

**Disclaimer:** If you have any questions regarding information in these press releases please contact the company added in the press release. Please do not contact pr-inside. We will not be able to assist you. PR-inside disclaims contents contained in this release.

# EXHIBIT B

## MARC E. SCOLLAR
### 47 East 87th Street
### New York, New York 10128
### (212) 360-0889
www.scollaratlaw.aol.com

**BAR ADMISSIONS:**          Member of the New York and New Jersey Bars

**COURT ADMISSIONS:** Member of the United States District Courts (Eastern District of New York, Southern District of New York and District of New Jersey)

**VICTORY TITLE ABSTRACT**                                        **1986 to Present**
(Agent for United General Title Insurance Company)
- Research and prepare abstracts for title searches.
- Coordinate the preparation of title reports.
- Work with attorneys and proposed insureds on clearance of title objections.
- Attend closings as title closer.
- Compete all necessary follow-up work, such as recording documents, paying taxes, escrow accounting, etc.

**SMALL CLAIMS ARBITRATOR,**                                    **1998 to Present**

**THE OFFICE OF MARC SCOLLAR, ESQ., Sole Proprietor          1996 to Present**
- Draft and perfect appeals, (First Department, Second Department and Appellate Term, Supreme Court).
- Litigation of commercial, landlord/tenant, matrimonial and family court cases.
- Draft, negotiate and execute real estate and commercial contracts.

**SAMUEL L. SCOLLAR, ESQ.,** Staten Island, New York          **1990 to 1996**
- Junior Partner-Attorney.
- Draft memoranda of law and other briefs.
- Court experience in the Untied States Districts Courts, Supreme Court of the State of New York, Criminal Court of the State of New York, etc.

**NON-LEGAL EXPERIENCE:**
- Board of Education of the City of New York          **1983 to 1986**
  temporary teacher's license
- American Stock Exchange reporter.          **1981 to 1983**

**EDUCATION:** TOURO COLLEGE JACOB D. FUCHSBERG
LAW CENTER, Huntington,   New York., J.D. received January 1990
UNIVERSITY OF COLORADO, Boulder, Colorado
B.A. received December 1981

EXHIBIT C

## CERTIFICATION OF NAMED PLAINTIFF
## PURSUANT TO FEDERAL SECURITIES LAWS

I, MARK SCHARFF, hereby certify as follows:

1.      I am one of the plaintiffs. I am also the President of plaintiff, Pine Sash Door & Lumber Co., Inc. I am the Managing Member of plaintiffs, Mark Scharff & Associates LLC, 2170 Mill Avenue LLC and 6202-6217 Realty LLC. I am also the trustee for the remaining plaintiffs' family trusts.

2. I have reviewed the complaint prepared for plaintiffs concerning JP Morgan Chase & Co., J.P. Morgan Securities, Inc. and Chase Investment Services Corp. to be brought under the federal securities laws, and have authorized the filing of such an action on my behalf.

3.      Plaintiffs did not purchase, or otherwise acquire, the securities from defendants, that are the subject of this action, at the direction of plaintiffs' counsel, or in order to participate in any private action arising under the federal securities laws.

4.      I am willing to serve as a representative party on behalf of the class, and will provide testimony at a deposition and/or at trial, if necessary. I intend, in any event, to fully participate in this action due to the fact that I have invested the majority my life savings and also my children's college trust funds, companies' working capital and other funds all for the purchase of the auction rate securities. Defendants never told me that they were purchasing this type of security. Defendants made the investment decision. All of the investments needed to be in safe liquid funds as represented by Defendants.

5.      I support the appointment of the law office of Marc E. Scollar, Esq. as co-lead counsel with the Law Offices of Curtis V. Trinko, LLP. As to the attorney, Marc E. Scollar, Esq., I have known Mr. Scollar well over twenty (20) years. I understand that, once he was admitted to the New York State Bar Association, I became, with my companies, one of his first clients. I am comfortable with and highly satisfied with his expertise and the level of representation that I have received over the course of the years. The companies and I have

1

# EXHIBIT A

# *TRANSACTIONS*

| Account Name | Date Purchased | Amount | Due Date | Type |
|---|---|---|---|---|
| Mark Scharff & Associates, LLC | 9/24/07 | $550,000 | 2038 | Educational FDG South Tenn. |
| Mark Scharff & Associates, LLC | 10/11/07 | $400,000 | 2039 | Nelnet Student Ln. |
| Pine Sash Door & Lumber Co. | 11/02/07 | $ 50,000 | 2032 | Nelnet Student Ln. |
| 6202-6217 Realty LLC | 9/24/07 | $ 50,000 | 2038 | Educational FDG South Tenn. |
| 2170 Mill Ave. LLC | 10/19/07 | $200,000 | 2038 | Nelnet Student Ln. |
| Mark Scharff ITF (son) | 10/17/07 | $ 50,000 | 2042 | Student Loan Calif. |
| Mark Scharff ITF (daughter) | 10/17/07 | $ 50,000 | 2042 | Student Loan Calif. |
| Mark Scharff ITF (son) | 10/17/07 | $ 50,000 | 2042 | Student Loan Calif. |

# EXHIBIT D

# THE LAW OFFICES OF CURTIS V. TRINKO, LLP

The **LAW OFFICES OF CURTIS V. TRINKO, LLP** is an AV-rated law firm which specializes in complex commercial litigation, and particularly, litigation involving violations of federal and state securities and corporate laws, as well as claims involving officers' and directors' liability, corporate governance practices and procedures, and claims of excessive executive and advisory compensation. The firm has directly participated in the recovery of substantial settlements on behalf of defrauded shareholders injured by illegal corporate activities, or shareholders denied the appropriate valuation for their equity ownership in the wake of successful and/or attempted corporate buy-outs, takeovers and other transactions involving corporate restructurings, asset sales and/or mergers and acquisitions. Moreover, the firm's efforts have assisted in restoring many millions of dollars to corporate treasuries depleted by the illegal practices and/or breaches of fiduciary duties by their corporate officers and directors. The firm has also represented both individual and corporate defendants in numerous securities class actions, investor claim-related litigation, shareholder derivative litigation, and other commercial litigation.

In addition, the firm has pursued litigation on behalf of defrauded consumers, for violations of the federal antitrust laws and various consumer protection laws, on behalf of pension plan participants, for violations of ERISA, on behalf of mass tort victims, to remedy human rights violations, as well as on behalf of Holocaust victims, those afflicted with Gulf War Syndrome, and those harmed by the Bhopal Gas Disaster.

## CURTIS V. TRINKO

For the past twenty-two years, Mr. Trinko, the principal of the firm, has personally been actively involved in class action and derivative securities, as well as consumer, mass-tort, environmental, and antitrust litigation in

1

many Federal District Courts and State Courts throughout the United States. In fact, Mr. Trinko has had

significant involvement in approximately 350 such complex litigations. Moreover, he has also been extensively

engaged in general commercial litigation in both Federal and State Courts for the past thirty-two years.

Curtis V. Trinko graduated from New York University School of Law in 1974, where he was both a Root-

Tilden Scholar and a Research Fellow at the Center for International Studies. He received his B.A. Degree with

Honors from the University of Wisconsin-Madison in 1971. From 1974-1975, he clerked with the **Hon. Thomas**

**R. McMillen**, a United States District Judge, then sitting in the Northern District of Illinois. In 1975, he was

admitted to the Bar of the State of New York, to the Bars of the U.S. District Courts for the Southern and Eastern

Districts of New York, and to the Bar of the U.S. Court of Appeals for the Second Circuit. Since then, Mr. Trinko

has also been admitted to the Bars of the U.S. Courts of Appeals for the Ninth Circuit and Eleventh Circuit, the

Bars of the U.S. District Court for the Northern District of California and Colorado, as well as the Bar of the

United States Supreme Court. Prior to establishing his own law practice, he was a member of **Rouhana &**

**Trinko**, A Professional Corporation. Prior thereto, Mr. Trinko was affiliated with the law firm now known as

**Abbey Gardy, LLP**, and he had been a litigation associate at **Milbank, Tweed, Hadley & McCloy** and

**Golenbock and Barell** in New York City.

## <u>LORI E. COLANGELO</u>

Lori E. Colangelo, associated with the firm, graduated from New York Law School in 1991. Ms.

Colangelo received her B.A. degree from Georgetown University in 1980. In April of 1992, she was admitted to

the Bar of the State of New York. In October, 1995, she was admitted to the Bar of the U.S. District Court for

the Southern District of New York. Since her initial affiliation with the **Law Offices of Curtis V. Trinko**, **LLP**

in October of 1984, Ms. Colangelo has been involved in extensive research and analysis for the prosecution and

defense of shareholder and investor-related claims, consumer claims, antitrust violations, and corporate

2

commercial claims, as well as having had significant involvement in pretrial motion practice, document discovery, the preparation of complaints, as well as participating in other phases of the discovery process in numerous shareholder and investor-related litigations as well as other complex litigations.

## WAI KINNY CHAN

Wai K. Chan, associated with the firm, graduated from Brooklyn Law School in 2005. Mr. Chan received his B.A. degree from the University of Florida in 2001. In 2006, he was admitted to the Bar of the State of New York, as well as the Bar of the U.S. District Courts for the Southern District of New York. Mr. Chan is involved in complex litigation on securities fraud class actions on behalf of shareholders and investors, consumer claims, antitrust violations, and corporate commercial claims.

## PAST AND PRESENT LITIGATION

This firm has actively litigated, and has been approved as class or derivative counsel in the prosecution of various securities class action suits or derivative actions, such as: Solash v. Lionel Corp, 89 Civ. 7760 (S.D.N.Y.) (recovery of $1.4 million); In Re Amdahl Securities Litigation, Master File No. C-92-20609-JW (EAI) (N.D. Cal.) (recovery of $13 million); Landes v. Goodfriend, 3-93-CV-698 (E.D.TN) (recovery of $3.2 million); In Re RasterOps Corporation Securities Litigation, C.A. No. C-92-20349-RM W (EAI) (N.D. Cal. 1992) (recovery of $6.5 million); MacDavid v. Figgie, 93 CV-001798, 94-L-08) (Ct. of Common Pleas Lake County of Ohio) (Mitrovich, J.) (recovery of $3.3 million on behalf of Company, the release of Employment Agreement rights as to base pay, bonuses, incentive pay, consulting fees, restricted stock and deferred compensation by various individual defendants, the creation of Committee to review Board's performance and structure to ensure a majority of independent directors, and the reduction of the Board's operating expenses by a minimum of $200,000); In Re Nord Resources Corporation Securities Litigation, Case No. C-3-90-380 (S.D. Ohio) (recovery of $4.75 million); Telerate, Inc. Shareholder Litigation, Civ. 1115 (Del. Ch. 1989) (benefit of $95 million); Korf v. The Cooper

3

Companies, Inc., Civ. Action No. 89 Civ. 5892 (MGC) (S.D.N.Y.) (recovery of $1.7 million); In Re National Health Laboratories, Securities Litigation, Master File No. Civ. No. 92-1949-H (CM); (SD. CA) (recovery of $64 million); In Re T² Medical, Inc. Shareholder Litigation, Master File No. 1:94-CV-744-RLV (N.D. Ga.) (recovery of $7 million); Fort Howard Shareholder Litigation, No. 999 (Del. Ch.) (recovery of $13.4 million); LILCO Shareholder Litigation, No. 84-0588 (E.D.N.Y.), (recovery of $50 million); Horstmann v. Bailey, Nos. 84-4903, 84-5001 (S.D.N.Y.) and Manning v. Cornelius, No. 88-7700 (E.D.Ky.), in which a class of limited partnership investors received approximately $800,000 in settlement of an action under Section 10(b) and Rule 10b-5; Lionel Securities Litigation, No. 82 Civ. 1049 (JES) (S.D.N.Y.), (recovery of $2.8 million); Petro-Lewis Securities Litigation, Civ. Action No. 84-C-326 (D. Col.), (recovery of $137 million); Revco Shareholder Litigation, No. 106749 (Ohio Ct. C.P.) (plaintiffs' counsel credited with assisting in obtaining a price of $38.50 in cash per share for the common stock of Revco, as compared to the initial proposal of $36.00 per share); Owens Illinois Inc. Shareholder Litigation, No. 86-3955 (Ohio Ct. C.P.) (takeover offer of $55 per share was increased to $60 per share, and further increased to $60.50 per share); Pandick Securities Litigation, No. 8736 (Del. Ch.) (shareholders were to receive $25.50 per share in cash for common stock, but as a direct result of the litigation instituted, received a special dividend of 11.25 cents per share, for an aggregate benefit to the shareholders of $1,105,128); In re E.F. Hutton Banking Practices Litigation, M.D.L. 649 (S.D.N.Y.) (recovery of $2.5 million); Jackson v. Henley Manufacturing Corp, Consolidated Civil Action No. 10445 (Del. Ch.), (initial proposed tender offer price per share of common stock of $80 per share was increased to $90 per share, resulting in a benefit to the shareholders of approximately $26 million); Grossman v. Pillsbury Company, Consolidated Civil Action No. 1023 (Del Ch.), (poison pill struck down, allowing the Company to be acquired by Grand Metropolitan and a substantial premium over market value paid to Pillsbury's shareholders); Weintraub v. ITT, Master File No. 84-432 (D.Del.) (recovery of $7.5 million); and Walt Disney Corp. Shareholder Derivative Action, (recovery of approximately $45 million).

4

The firm has also acted as class or derivative counsel in obtaining substantial benefits for the public

shareholders and/or companies in the following securities class actions:

In Re IDB Communications Group, Securities Litigation,
CV-94-3618 (Ct.D.Ca) (recovery of $75 million);

In Re First Executive Corporation Securities Litigation,
CV-89-7135 DT (KX) (CC.D. Cal. 1994) ($90 million recovery);

In Re U.S. Bioscience Securities Litigation,
Civil Action No. 92-0678, (E.D. Pa.) ($15.25 million settlement);

In Re Bristol-Myers Squibb Company Securities Litigation,
Consolidated Civil Action No. 92 CIV 4007 (JES) (S.D.N.Y.) ($19 million recovery);

In Re Diagnostek, Inc. Securities Litigation,
Master File No. CIV-92-1274 JB/WWD (D. New Max.) ($16 million recovery);

In Re Foodmaker/Jack-In-The Box,
C93-517 WD (W.D. WA) ($13 million recovery);

In Re Columbia Gas System, Inc. Securities Litigation, Cons. Civil Action No. 91-357-JLL (Dist. of Del.)
($36.5 million recovery);

In Re Chambers Development,
CV 92-0679 (W.D. of Pa.) ($95 million recovery);

In Re Prudential Limited Partnership Litigation,
(MDL Docket No. 1005) ($110 million recovery);

In Re Tucson Electric Power Co. Securities Litigation,
Civ. 89-1274 (D. Ariz.) ($30 million recovery);

In Re N.V. Philips Securities Litigation,
No. 90 Civ. 3044 (S.D.N.Y.) ($9.25 million recovery);

In Re Consolidated Columbia Savings and Loan Actions,
Master File No. 89-6538 SVW (Ex) (C.D. Cal.) ($79.5 million recovery);

Katz v. LIN Broadcasting Corp.,
90 Civ 7787 (KTD) (U.S.D.C., S.D.N.Y.) ($9 million recovery);

In Re RJR Nabisco, Inc. Shareholder Litigation,
Civ. Action No. 10389 (Del. Ch.) (benefit of approximately $55 million);

In Re Scott Paper Securities Litigation,
No. 90-6192 ((E.D. Pa.) ($8 million recovery);

In Re Dime Savings Bank of New York,
No. 89-2189 (JM) (E.D.N.Y.) ($6.8 million recovery);

Hillel v. Chase Manhattan Bank,
No. 90-6239 (S.D.N.Y.) ($17.5 million recovery);

In Re General Development Corporation Securities Litigation,
No. 90-691-Civ.-Marcus (S.D. Fla.) ($10 million recovery);

Rosengarten v. Irani, et al. and Occidental Petroleum Corp.,
Case No. BC 031286, Sup. Ct. Los Angeles County (creation of Investment Review Committee and
Policy to review Company's capital commitment or guarantee which exceeds $10 million in any activity
other than that related to its primary business operations);

In Re Perseptive Biosystem, Inc. Securities Litigation,
C.A. No. 94-12575-PBS (Mass.) (recovery of $8.25 million in cash, $5 million in common stock and $2
million in warrants);

In Re AM International, Inc. Securities Litigation,
M-21-31, MDL Docket No. 494 (S.D.N.Y.) ($23 million recovery);

Consumer Power Co. Derivative Litigation,
Master File No. 84-Civ-3788 (E.D. Mich.) ($33 million recovery);

Bansbach v. Zinn, et al.,
No. 97-2573 (Supreme Court, Ulster County)(___ recovery);


This firm presently serves or recently has served as class or derivative counsel in the following securities

class actions:

In Re American Medical Holdings, Inc. Shareholder Litigation,
Cons. Civ. Action No. 13797 (Del. Ch.);

Stevens v. O'Brien Environmental Energy, Inc. et al.,
94-CV-4577 (ED Pa);

6

In Re John Alden Financial Corp. Securities Litigation,
95-830-Civ. Nesbitt (S.D. Fla.);

Steiner v. Montedison S.p.A. et al.,
93 Civ. 3673 (ADS) (E.D.N.Y.);

Ellis et al. v. Leung et al.,
94-CV-1763 (JG) (E.D.N.Y.);

Corigliano et al v. Arakis Energy Corp. et al.,
1:95CV01661 (D. Columbia);

In Re Southwestern Life Corporation Securities Litigation,
Master File No. 3-95 CV 05166 (N.D. of Texas, Dallas Div.);

In Re International Business Machines Corporation Securities Litigation,
Master File No. 92-9076 (GLG)(S.D.N.Y.);

In Re Checkers Drive In Securities Litigation,
93-1749-CIV-T-17A, (Middle Dist. Fla.);

In Re Intelligent Electronics, Inc. Securities
Litigation; Master File No. 92-CV-1905 (ED Pa);

In Re Coastcast Corporation Securities Litigation,
Master File No. CV-94-5712-RG (AJWX) (CD of Cal.);

In Re Media Vision Technology, Inc. Securities
Litigation, C-94-1015-EFL, (ND Cal.);

In Re Kidder Peabody Litigation,
94 CIV. 3954 (S.D.N.Y.);

Myer Okun Defined Benefit Pension Plan and David Semel v. Jennifer Convertibles,
CV-95 0080 (E.D.N.Y.);

In Re JWP, Inc. Securities Litigation,
92 Civ. 5815 (S.D.N.Y.);

In Re Medaphis Corporation Securities Litigation,
95 Civ. 1535 N.D. Ga. Atlanta Div.,

<u>In Re Valence Technologies Securities Litigation</u>,
C-95-20459-JW (N.D. of Ca.);

<u>Silverstein, et al. v. Turner Broadcasting Systems et al.</u>,
No. E-41500 (Supr. Ct. of Ful.Co., Ga);

<u>In Re Woolworth Securities Class Action Litigation</u>,
Master File No. 94 Civ. 2217 (S.D.N.Y.);

<u>Calhoun, et al. v. Work Recovery, Inc. et al.</u>,
95-561-TUC-ACM (D. of Az.);

<u>In Re Roberds Securities Litigation</u>,
Case No. C-3-94-86 (SD Ohio);

<u>Joseph v. Computer Concepts Corp.</u>,
95CV3304 (E.D.N.Y.);

<u>In Re American Pacific Securities Litigation</u>,
CV-S-93-00576-PMP- (LRL) (Nevada);

<u>In Re Leslie Fay Securities Litigation</u>,
No. 92-CIV-8036 (WCC) (S.D.N.Y.);

<u>In Re Tiphook Securities Litigation</u>,
Master File No. 93-CV-4449 (New Jersey);

<u>In Re Liuski International Inc. Securities Litigation</u>,
94 Civ 1045 (E.D.N.Y.);

<u>In Re ACLN, Ltd. Securities Litigation</u>
Initial Filing 12/27/2001 (S.D. New York) (Hon. Richard Conway Casey);

<u>In Re Advanced Lighting Technologies Securities Litigation</u>
Initial Filing 04/09/1999 (N.D. Ohio) (Hon. Donald C. Nugent);

<u>In Re AnnTaylor Stores Corporation Securities Litigation</u>
Initial Filing 04/24/1996 (S.D. New York) (Hon. Allen G. Schwartz);

<u>In Re Andrx Corporation Securities Litigation</u>
Initial Filing 03/22/2002 (S.D. Florida);

In Re Ascend Communications, Inc. Securities Litigation
Initial Filing 12/02/1997 (C.D. California) (Hon. Mariana R. Pfaelzer);

In Re Aspen Technology, Inc. Securities Litigation
Initial Filing 10/05/1998 (D. Massachusetts) (Hon. Patti B. Saris);

In Re AT&T Corporation Securities Litigation
Initial Filing 10/27/2000 (D. New Jersey);

In Re AT&T Wireless Group Securities Litigation
Initial Filing 12/06/2000 (S.D. New York) (Hon. Sidney H. Stein);

In Re BankAmerica Corporation Securities Litigation
Initial Filing 10/15/1998 (E.D. New York) (Hon. Nina Gershon);

In Blech Securities Litigation
H-94-3973 (S.D. New York)

In Re BMJ Medical Management Securities Litigation
Initial Filing 02/02/1999 (S.D. Florida) (Hon. William J. Zloch)

In Re The Boeing Company Securities Litigation
Initial Filing 10/31/1997 (W.D. Washington) (Hon. Thomas S. Zilly);

In Re Boston Chicken Securities Litigation
Initial Filing 06/23/1997 (D. Colorado) (Hon. Patricia A. Coan);

In Re Bre-X Minerals Securities Litigation
Initial Filing 04/28/1997 (W.D. Texas) (Hon. Edward C. Prado);

In Re Bristol-Myers Squibb Co. Securities Litigation
Initial Filing 04/28/2000 (D. New Jersey) (Hon. Garrett E. Brown, Jr.);

In Re Bristol-Myers Squibb Company Securities Litigation
Initial Filing 03/21/2002 (D. New Jersey) (Hon. Loretta A. Preska);

In Re Candie's Inc. Securities Litigation
Initial Filing 05/17/1999 (S.D. New York) (Hon. Colleen McMahon);

In Re Cendant Corporation Securities Litigation
Initial Filing 04/24/1998 (E.D. Pennsylvania);

In Re CHS Electronics, Inc. Securities Litigation

Initial Filing 04/29/1999 (S.D. Florida) (Hon. Alan S. Gold);

In Re Cisco Systems, Inc. Securities Litigation
Initial Filing 04/20/2001 (N.D. California) (BZ);

In Re Compaq Computer Corp. Securities Litigation
Initial Filing 03/12/1999 (S.D. Texas);

In Re Comparator Systems Corp. Securities Litigation
No. 763689 (Superior Court of California) (Hon. John C. Woolley)

In Re ComTech Communications Securities Litigation
CV-1208 (ADS) (S.D. New York);

In Re Crown America REIT Securities Litigation
Civ. No. 95-202-J (E.D. Pennsylvania) (Hon. D. Brooks Smith)

In Re DaimlerChrysler AG Securities Litigation
Initial Filing 11/28/2000 (D. Delaware);

In Re Emulex Corporation Securities Litigation
Initial Filing 02/20/2001 (C.D. California);

In Re Enron Corp. Securities Litigation
Initial Filing 10/22/2001 (S.D. Texas) (Hon. Melinda Harmo);

In Re ESC Medical Systems Ltd. Securities Litigation
Initial Filing 10/23/1998 (S.D. New York) (Hon. Michael B. Mukasey);

In Re Exodus Communications, Inc. Securities Litigation
Initial Filing 07/16/2001 (N.D. California);

In Re FirstPlus Financial Group, Inc. Securities Litigation
Initial Filing 11/06/1998 (N.D. Texas);

In Re Fore Systems, Inc. Securities Litigation
Initial Filing 07/29/1997 (W.D. Pennsylvania);

In Re Foxmeyer Health Corporation Securities Litigation
Initial Filing 08/12/1996 (N.D. Texas) (Hon. Sam A Lindsay);

In Re Ford Motor Company Securities Litigation
Initial Filing 01/29/2002 (S.D. New York) (Hon. Milton Pollack);

In Re FPA Medical Management, Inc. Securities Litigation
Initial Filing 05/15/1998 (C.D. California);


In Re General Instruments Corp. Securities Litigation
01-3051 (E.D. Pennsylvania) (Hon. Harry D. Leinenveber)


In Re Global Crossings, Ltd. Securities Litigation
Initial Filing 02/14/2002 (C.D. California);


In Re Globalstar Telecommuncations Ltd. Securities Litigation
Initial Filing 03/06/2001 (S.D. New York);


In Re Globix Corporation Securities Litigation
Initial Filing 01/04/2002 (S.D. New York);


In Re GTE Corp. Takeover Litigation
Initial Filing 06/01/2000 (S.D. New York) (Hon. Deborah A. Batts);


In Re GT Interactive Software Securities Litigation
Initial Filing 01/07/1998 (S.D. New York) (Hon. Loretta A. Preska);


In Re Happiness Express, Inc. Securities Litigation
Initial Filing 05/22/1996 (E.D. New York);


In Re Homestead Holding Corp. Securities Litigation
4671-S-1991 (Court of Common Pleas, Dauphin County)


In Re Informix Corporation Securities Litigation
Initial Filing 04/11/1997 (N.D. California) (Hon. Wayne D. Brazil);


In Re Insurance Management Solutions Group, Inc. Securities Litigation
Initial Filing 10/07/2000 (M.D. Florida);


In Re Intel Corporation Securities Litigation
Initial Filing 10/09/2001 (N.D. California);


In Re Iomega Corporation Securities Litigation
Initial Filing 02/09/1998 (D. Utah) (Hon. David Sam);


In Re IPO Allocation Securities Litigation
21 MC 92 (SAS) (S.D. New York) (Hon. Shira A. Scheindlin)

In Re Iridium World Communications, Ltd. Securities Litigation
Initial Filing 04/22/1999 (D. District Columbia) (Hon. Thomas P. Jackson);

In Re J.P. Morgan Chase & Co., Inc. Securities Litigation
Initial Filing 02/15/2002 (S.D. New York);

In Re Kinder Morgan, Inc. Securities Litigation
Initial Filing 06/28/2000 (D. Colorado);

In Re Knight Trading Group, Inc. Securities Litigation
Initial Filing 11/08/2000 (D. New Jersey);

In Re Legato Systems, Inc. Securities Litigation
Initial Filing 12/02/2000 (N.D. California) (Hon. Jeremy Fogel);

In Re Lernout & Hauspie Speech Products N.V. Securities Litigation
Initial Filing 08/11/2000 (E.D. Pennsylvania);

In Re L.F. Rothschild Holding Corp. Debenture Litigation
90-CV-0708 (MJL) (S.D. New York);

In Re Lucent Technologies, Inc. Securities Litigation
Initial Filing 12/28/2000 (D. New Jersey);

In Re McKesson HBOC, Inc. Securities Litigation
Initial Filing 04/28/1999 (N.D. California) (Hon. James Larson);

In Re Medi-Hut Co., Inc. Securities Litigation
Initial Filing 02/28/2002 (D. New Jersey);

In Re Metromedia Fiber Network Securities Litigation
Initial Filing 08/21/2001 (S.D. New York);

In Re National Auto Finance Securities Litigation
Initial Filing 10/29/1998 (S.D. Florida) (Hon. Daniel T. K. Hurley);

In Re Network Plus Corp. Securities Litigation
Initial Filing 07/03/2001 (S.D. New York);

In Re New Era of Networks, Inc. Securities Litigation
Initial Filing 01/04/2001 (D. Colorado);

In Re NorthPoint Communications Group, Inc. Securities Litigation
Initial Filing 10/31/2001 (S.D. New York) (Hon. Shira A. Scheindlin);

In Re NVIDIA Corporation Securities Litigation
Initial Filing 02/19/2002 (N.D. California);

In Re Oracle Corporation Securities Litigation
Initial Filing 03/13/2001 (N.D. California) (MEJ);

In Re Oxford Health Plans, Inc. Securities Litigation
Initial Filing 11/04/1997 (D. Connecticut) (Hon.Dominic J. Squatrito);

In Re Pacific Gateway Exchange Securities Litigation
Initial Filing 04/07/2000 (N.D. California) (Hon. William H. Alsup);

In Re Paradyne Networks, Inc. Securities Litigation
Initial Filing 11/30/2001 (S.D. New York) (Hon. Shira A. Scheindlin);

In Re Party City Securities Litigation
Initial Filing 03/22/1999 (D. New Jersey) (Hon. Alfred J. Lechner, Jr.);

In Re PeopleSoft Inc. Securities Litigation
Initial Filing 01/29/1999 (N.D. California) (Hon. Martin J. Jenkins);

In Re PHP Healthcare Corp. Securities Litigation
Initial Filing 03/09/1998 (C.D. California) (Hon. Andrew J. Wistrich);

In Re Phycor Inc. Securities Litigation
Initial Filing 10/06/1998 (M.D. Tennessee) (Hon. Joe B. Brown);

In Re Plains All American Pipeline Securities Litigation
Initial Filing 11/29/1999 (S.D. Texas);

In Re PLC Systems, Inc. Securities Litigation
Initial Filing  (D. Massachusetts) (Hon. Richard G. Stearns);

In Re Priceline.com Securities Litigation
Initial Filing 10/07/2000 (D. Connecticut);

In Re Providian Financial Corporation Securities Litigation
Initial Filing 10/25/2001 (N.D. California);

In Re PSINet, Inc. Securities Litigation
Initial Filing 12/28/2000 (E.D. Virginia);

In Re Rambus, Inc. Securities Litigation
Initial Filing 08/14/2001 (N.D. California);

In Re Razorfish, Inc. Securities Litigation
Initial Filing 12/15/2000 (S.D. New York);

In Re Reliance Group Holdings Inc. Securities Litigation
Initial Filing 06/23/2000 (S.D. New York);

In Re Rite Aid Corporation Securities Litigation
Initial Filing 03/15/1999 (E.D. Pennsylvania) (Hon. Stewart Dalzell);

In Re Rockefeller Center Properties, Inc. Securities Litigation
Initial Filing 11/15/1996 (D. Delaware) (Hon. Roderick R. McKelvie);

In Re S3 Incorporated Securities Litigation
Initial Filing 11/5/1997 (N.D. California) (Hon. Vaughn R. Walker);

In Re Safeguard Scientifics, Inc. Securities Litigation
Initial Filing 06/28/2001 (E.D. Pennsylvania);

In Re Schlotzsky's, Inc. Securities Litigation
Initial Filing 08/26/1998 (W.D. Texas) (Hon. James R. Nowlin);

In Re Scientific-Atlanta, Incorporated Securities Litigation
Initial Filing  07/24/2001 (N.D. Georgia);

In Re Sotheby's Holdings, Inc. Securities Litigation
Initial Filing 02/11/2000 (S.D. New York);

In Re SpecTran Corporation Securities Litigation
Initial Filing 10/02/1998 (D. Massachusetts);

In Re Sprint Corporation Securities Litigation
Initial Filing 06/25/2001 (D. Kansas);

In Re Sunterra Corporation Securities Litigation
Initial Filing 01/23/2000 (M.D. Florida);

In Re Symbol Technologies, Inc. Securities Litigation
Initial Filing 03/05/2002 (E.D. New York);


In Re Tee-Com Electronics, Inc. Securities Litigation
3:98-CV-00213 (AVC) (D. Connecticut);


In Re 3Com Corporation Securities Litigation
Initial Filing 12/05/1997 (N.D. California) (Hon. James Ware );


In Re Tel-Save Holdings Securities Litigation
Initial Filing 07/01/1998 (E.D. Pennsylvania);


In Re Triton Energy Limited Securities Litigation
Initial Filing 07/22/1998 (E.D. Texas);


In Re Tyco International Ltd. Securities Litigation
Initial Filing 02/05/2002 (S.D. New York) (Hon. George B. Daniels);


In Re UniCapital Corporation Securities Litigation
Initial Filing 06/08/2000 (S.D. Florida);


In Re Unify Corporation Securities Litigation
Initial Filing 07/31/2000 (N.D. California);


In Re USEC, Inc. Securities Litigation
Initial Filing 11/07/2000 (W.D. Kentucky);


In Re Vencor, Inc. Securities Litigation
Initial Filing 12/24/1997 (W.D. Kentucky);


In Re VISX, Inc. Securities Litigation
Initial Filing 02/25/2000 (N.D. California) (Hon. Maxine M. Chesney);


In Re Warnaco Group, Inc. Securities Litigation
Initial Filing 08/23/2000 (S.D. New York);


In Re Waste Management Inc. Securities Litigation
Initial Filing 11/03/1997 (N.D. Illinois) (Hon. Wayne R. Anderson);


In Re Windmere-Durable Holdings Inc. Securities Litigation
Initial Filing 09/25/1998 (E.D. New York);

In Re WorldCom Inc. Securities Litigation
Initial Filing 11/08/2000 (E.D. Pennsylvania);

In Re Worldwide Xceed Group, Inc. Securities Litigation
Initial Filing 03/01/2001 (S.D. New York);

In Re Xerox Corporation Securities Litigation
Initial Filing 12/23/1999 (D. Connecticut); and

In Re XO Communications, Inc. Securities Litigation
Initial Filing 12/05/2001 (E.D. Virginia).

This firm presently serves or recently has served as derivative counsel in the following corporate governance actions:

In Re BP Amoco Derivative Litigation
01-CH-011404 (Circuit Court of Cook County, Illinois);

In Re Conseco, Inc. Derivative Litigation
29D03-0006-CP-0393 (Superior Court, Hamilton County) (Hon. Steven R. Wation);

In Re Daimler-Chrysler AG Proxy Shareholder Litigation
Initial Filing 11/28/2000 (D. Delaware);

In Re FPL Group, Inc. Derivative Litigation
02-20170-CIV-Gold (S.D. Florida) (Hon. Simonton);

In Re Imclone Systems, Inc. Derivative Litigation
02-601304 (Supreme Court, New York County);

In Re MeVC Draper Fisher Fund Derivative Litigation
02-CV-142 (D. Delaware); and

In Re Walt Disney Co. Derivative Litigation
No. BC164078 (Superior Court, California).

This firm presently serves or recently has served as class counsel in the following Merger & Acquisitions / corporate governance actions:

In Re Chock Full O'Nuts Corp. Shareholder Litigation
No. 99-9108759 (Supreme Court, New York County);

In Re Dow Chemical / Union Carbide Merger Litigation
00 CIV. 3364 (DC) (S.D. New York) (Hon. Denny Chin);

In Re GTE Corp. Takeover Litigation
Initial Filing 06/01/2000 (S.D. New York) (Hon. Deborah A. Batts);

In Re Infinity Broadcasting Corp. Shareholder Litigation
No. 18219 NC (Delaware Chancery Court);

In Re JW Genesis Financial Corp. Takeover Litigation
CL-00-9682-AO (Circuit Court, 15th Judicial Circuit, Florida);

In Re NTN Communications, Inc. Shareholder Litigation
No. 785008 (Superior Court, California);

In Re Paxson Communications Corp. Shareholder Litigation
No. 17568-NC (Delaware Chancery Court);

In Re Plains All American Pipelines Shareholder Litigation
Initial Filing 11/29/1999 (S.D. Texas);

In Re Rave Medium Group, Inc. Shareholder Litigation
No. 18940 (Delaware Chancery Court);

In Re U.S. West Shareholder Litigation
No. 17230 (Delaware Chancery Court);

In Re Walt Disney Co. Shareholder Litigation
No. BC164078 (Superior Court, California); and

In Re Warner Lambert Co. Shareholder Litigation
No. 1750-NC (Delaware Chancery Court).

This firm presently serves or recently has served as class counsel in the following consumer and product liability class actions:

> In Re AOL Version 5.0 Software Product Liability Litigation
> 00-1341-MD-Gold (D. Florida);
>
> In Re Fen-Phen / Redux Consumer Litigation
> Civ. No. 1203 (E.D. Pennsylvania);
>
> In Re Omnibus HMO Consumer Litigation
> 3:00CV2037 (SRV) (D. Connecticut);
>
> In Re Providian Financial Corp. Credit Card Litigation
> Judicial Council Coordination Proceeding No. 4085 (Superior Court, California); and
>
> In Re Taco Bell Genetic Corn Consumer Litigation
> 00-CH-14114 (Circuit Court of Cook County, Illinois).

This firm presently serves or recently has served as class counsel in complex litigation relating to RICO or antitrust violations in the following cases:

> In Re Colin Services Systems RICO Litigation
> 00-7571 (U.S. Court of Appeals, Second Circuit);
>
> In Re High Fructose Corn Syrup Antitrust Litigation
> MDL 1087 & Master file 95-1477 (D. Illinois) (Hon. Kauffman);
>
> In Re IPO Fee Antitrust Litigation
> 01-9072 (S.D. New York) (Hon. Lawrence M. McKenny);
>
> In Re Options Trading Antitrust Litigation
> MDL 1283 & 99-CV-962 (S.D. New York) (Hon. Casey); and
>
> In Re American Express Merchants' Litigation,
> Master file No. 03-CV-9592 (S.D. New York) (Hon. Daniels).

This firm presently serves or recently has served as class counsel in complex litigation relating to mass torts, toxic torts, environment contamination, human rights, and/or Holocaust victims claims in the following cases:

In Re MTBE Gas Additive Litigation
14065 / 001 (S.D. New York);

In Re Dow Chemical Company (Dursban) Litigation
Initial Filing 05/21/01 (S.D. New York);

In Re Bhopal Gas Disaster Litigation
99 Civ. 11329 (S.D. New York);

In Re French Bank Holocaust Litigation
97-CV-7433 & 98-CV-7851 (E.D. New York) (Hon. Sterling Johnson); and

In Re Gulf War Syndrome Litigation
94-C-1392 (District Court, Brazoria County) (Hon. Hardin).