UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Milton Ciplet, Individually and on behalf of all Others similarly situated,<br><br>        Plaintiff,<br><br> -against-<br><br>JP Morgan Chase & Co. and J.P. Morgan Securities, Inc.,<br><br>        Defendants. | Civil Action No. 08-CV-4580 (RMB) |
| MARK SCHARFF, PINE SASH DOOR & LUMBER CO., INC., MARK SCHARFF & ASSOCIATES LLC, 2170 MILL AVENUE LLC, 6202-6217 REALTY LLC, MARK SCHARFF ITF MICHAEL SCHARFF, MARK SCHARFF ITF DANIEL SCHARFF and MARK SCHARFF ITF ARIEL SCHARFF,<br><br>        Plaintiff,<br><br> vs.<br><br>JPMORGAN CHASE BANK & CO., J.P. MORGAN SECURITIES, INC., AND CHASE INVESTMENT SERVICES CORP.<br><br>        Defendants | Civil Action No. 08-CV-5026 (WHP) |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION
OF ROBERT H. SHENKER AND DAVID NIERENBERG
FOR CONSOLIDATION, APPOINTMENT AS LEAD
<u>PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

Robert H. Shenker and David Nierenberg (also, "Movants") hereby respectfully submit this memorandum of law in support of their motion for the entry of an order: (1) consolidating the above-captioned related actions; (2) appointing them as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (3) approving their selection of Stull, Stull & Brody and Weiss & Lurie to serve as Lead Counsel pursuant to the PSLRA.

## INTRODUCTION

The above-captioned cases are securities fraud class actions brought against JPMorgan Chase & Co. and J.P. Morgan Securities, Inc.[1] and alleging violations of the Securities Exchange Act of 1934 (the "Exchange Act") on behalf of all persons and entities who purchased auction rate securities from Defendants during the proposed Class Period (collectively, the proposed "Class").

Movants purchased $1,150,000.00 worth of auction rate securities from Defendants during the proposed Class Period which they continue to hold. Movants seek appointment as Lead Plaintiff and approval of their selection of Lead Counsel as set forth herein. As discussed below, Movants satisfy each of the requirements of the PSLRA and, therefore, are qualified for appointment as Lead Plaintiff.

## RELEVANT PROCEDURAL BACKGROUND

On or about May 16, 2008 the plaintiff in *Ciplet v. JP Morgan Chase & Co. et al.*, 08-CV-4580 (RMB) (S.D.N.Y. May 16, 2008), filed a complaint on behalf of a class consisting of

---

1   The complaint in *Scharff v. JPMorgan Chase Bank & Co.*, 08-CV-5026 (WHP) (S.D.N.Y. June 2, 2008), lists JPMorgan Chase Bank & Co. as a defendant, however, that seems to be a typographical error since paragraph 17 of that complaint identifies JPMorgan Chase & Co. as the defendant, not JPMorgan Chase Bank & Co. In addition, the *Scharff* complaint names Chase Investment Services Corp. as a defendant. For purposes of this memorandum of law, all of the defendants are collectively referred to as "JPMorgan" or "Defendants."

1

all persons who purchased auction rate securities from Defendants during the proposed Class Period.  On June 5, 2008, notice was published over *Business Wire*, advising members of the proposed Class of their right to move the Court to serve as Lead Plaintiff within the requisite period from the date of publication of the notice.  *See* Declaration of James Henry Glavin IV in Support of the Motion of Robert H. Shenker and David Nierenberg for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel ("Glavin Decl.") at Ex. A.

## FACTUAL BACKGROUND

This litigation arises out of the fact that Defendants have refused to allow Movants, and the rest of the proposed Class, to withdraw money from investments that Defendants represented were highly liquid and as safe as cash.[2] ¶¶ 2-4.  The investments at issue are auction rate securities.  Auction rate securities are variable-rate instruments whose interest rates are set at periodic auctions. ¶ 19.

During the Class Period, Defendants knew, but failed to disclose or correct their misrepresentations that these auction rate securities were not cash alternatives, but were actually complex, long-term financial instruments, and these auction rate securities sold by Defendants were only liquid at the time of sale because Defendants were artificially supporting and manipulating the market to maintain the appearance of stability and liquidity. ¶¶ 2-3.

In February 2008, 87% of all auction rate securities, including those sold by Defendants, failed, when Defendants and all other major broker-dealers refused to continue to support the

---

[2] References to the allegations for purposes of this memorandum will be to the complaint in *Ciplet v. JP Morgan Chase & Co. et al.*, 08-CV-4580 (RMB) (S.D.N.Y. May 16, 2008) (referred to as "¶ __").

auctions. ¶¶ 4, 42-43. As a result of the withdrawal of support by Defendants and all other major broker-dealers, the market for auction rate securities collapsed, leaving holders of auction rate securities, including Movants and the other members of the Proposed Class, with no means of liquidating their investments. ¶ 4.

## ARGUMENT

### I. THE ACTIONS SHOULD BE CONSOLIDATED

The above-captioned actions involve class claims on behalf of purchasers of auction rate securities from Defendants during the proposed Class Period and assert essentially similar and overlapping class claims for relief against JPMorgan Chase & Co. and certain of its affiliates. Consolidation is appropriate where, as here, there are actions involving common factual and legal questions. *See Corwin v. Seizinger*, 2008 U.S. Dist. LEXIS 3045, at *2 (S.D.N.Y. Jan. 8, 2008); *Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 322 (S.D.N.Y. 2004).

### II. ROBERT H. SHENKER AND DAVID NIERENBERG SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA establishes the procedure governing the appointment of a lead plaintiff in "each action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) and (a)(3)(B)(i).

#### A. The Procedure Required By The PSLRA

Under the PSLRA, the plaintiff who files the initial action must publish notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). The PSLRA also provides that within 90 days after publication of notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines the most adequate to represent the interests of the class members. 15 U.S.C. § 78u-

4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that - -
>
> (aa)    has either filed the complaint or made a motion in response to a notice . . .
>
> (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4 (a)(3)(B)(iii)(I).

### B.    Movants Satisfy The PSLRA's "Lead Plaintiff" Requirements

#### 1.    Movants Have Complied with the PSLRA in Timely Seeking Appointment as Lead Plaintiff

On June 5, 2008, notice of the filing of the initial complaint in this action was published over *Business Wire*. *See* Glavin Decl., Ex. A. The PSLRA provides that not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class. 15 U.S.C. § 78u-4 (a)(3)(A). Therefore, the time period in which class members may move to be appointed as Lead Plaintiff herein under 15 U.S.C. § 78u-4 (a)(3)(A) and (B) expires on August 4, 2008. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice, Movants' application is timely.

Movants have duly signed and filed certifications stating that they have reviewed the allegations in this action and are willing to serve as representative parties on behalf of the Class. *See* Glavin Decl., Ex. B and C. In addition, Movants have selected and retained experienced and competent counsel to represent them and the Class. *See* Glavin Decl., Ex. D and E.

Accordingly, Movants have satisfied the individual requirements of 15 U.S.C. § 78u-

4

4(a)(3)(A) & (B) and are entitled to have their application for appointment as Lead Plaintiff and their selection of counsel, as set forth herein, considered and approved by the Court.

### 2. Movants Have a Significant Financial Interest in the Relief Sought by the Class

According to 15 USCS § 78u-4(a)(3)(B)(iii)(bb), the plaintiff who has the largest financial interest in the relief sought by the action is presumed to be the most adequate. Movants purchased $1,150,000.00 worth of auction rate securities from Defendants during the proposed Class Period which they continue to hold. *See* Glavin Decl., Ex. B and C. Prior to their purchases, Defendants had not disclosed the risks associated with those auction rate securities. As a result of the collapse of the auction market at the end of the Class Period, all of those shares are now illiquid. Movants' financial interest in this action, therefore, is at least $1,150,000.00, *i.e.*, the cost of their shares which are now illiquid.

Therefore, Movants have a significant financial interest in this case. Moreover, Movants are not aware of any other competing applicant for Lead Plaintiff that has a greater financial interest in connection with the purchase of auction rate securities from Defendants.

### 3. Movants Otherwise Satisfy the Requirements of Federal Rules of Civil Procedure Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Only the typicality and adequacy elements, however, are relevant to the selection of a lead plaintiff. *See*, *e.g.*, *Dolan v. Axis Capital Holdings Ltd.*, 2005 U.S. Dist. LEXIS 6538, at *11 (S.D.N.Y. 2005); *In re Espeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005); *Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004).

Typicality exists if claims "arise[] from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *See In re Drexel Burnham Lambert Group, Inc.*, 960 F. 2d 285, 291 (2d Cir. 1992), *cert. dismissed sub nom.*, 506 U.S. 1088 (1993); *see also In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 436 (S.D.N.Y. Jan. 24, 2008). Here, Movants satisfy the typicality requirement because: (1) they purchased auction rate securities from Defendants during the Class Period as a result of Defendants' materially false and misleading statements and omissions; (2) they held their auction rate securities on the date Defendants withdrew their support for the auction market and the market collapsed and continue to hold such securities; and (3) their auction rates securities are now illiquid. Thus, typicality is satisfied since the claims asserted by Movants arise from the same events or course of conduct that gives rise to claims of other class members, and the claims are based on the same legal theory.

Under Rule 23(a)(4), the representative parties must also fairly and adequately protect the interests of the class. To fairly and adequately protect the interest of the class: "(1) there should be no conflict between the interests of the class and the named plaintiff nor should there be collusion among the litigants; and (2) the parties' attorney must be qualified, experienced, and generally able to conduct the proposed litigation." *In re Fuwei Films*, 247 F.R.D. at 436 (citing *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, 229 F.R.D. 395, 412-13 (S.D.N.Y. 2004)).

Here, Movants are clearly adequate representatives of the class. As shown by the injury suffered by Movants, who purchased auction rate securities based on Defendants' misrepresentations and omissions that they were cash equivalents, Movants' interests are clearly aligned with the members of the proposed Class, and there is no evidence of any antagonism between Movants' interests and those of the other members of the proposed Class. In addition, Movants have retained competent and experienced counsel to prosecute these claims. *See* Glavin Decl. at Ex. D and E.

Thus, Movants satisfy both the typicality and adequacy requirements of Rule 23.

### III.   THE COURT SHOULD APPROVE MOVANTS' CHOICE OF LEAD COUNSEL

Pursuant to 15 U.S.C. § 78u-4 (a)(3)(B)(v), the proposed Lead Plaintiff shall, subject to Court approval, select and retain counsel to represent the Class. In that regard, Movants have selected Stull, Stull & Brody and Weiss & Lurie to serve as Lead Counsel. Stull, Stull & Brody and Weiss & Lurie have extensive experience in successfully prosecuting shareholder and securities class actions and have frequently appeared in major actions in this and other courts. *See* Glavin Decl., Ex. D and E.

## **CONCLUSION**

For all the foregoing reasons, Movants respectfully request that the Court: (1) consolidate the above-captioned actions; (2) appoint Movants as Lead Plaintiff; and (3) approve Movants' selection of Lead Counsel as set forth herein.

Dated: August 4, 2008

                                      Respectfully submitted,

**STULL, STULL & BRODY**

By:    /s/ James Henry Glavin IV
Jules Brody (JB-9151)
James Henry Glavin IV (JG-2188)
6 East 45th Street
New York, New York 10017
(212) 687-7230

**WEISS & LURIE**
Jordan L. Lurie
10940 Wilshire Blvd.
Suite 2300
Los Angeles, California 90024
(310) 208-2800

**Proposed Lead Counsel**