**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Milton Ciplet, Individually and on behalf of all Others similarly situated,<br><br>     Plaintiff,<br><br>  -against-<br><br>JP Morgan Chase & Co. and J.P. Morgan Securities, Inc.,<br><br>     Defendants. | Civil Action No. 08-CV-4580 (RMB) |
| MARK SCHARFF, PINE SASH DOOR & LUMBER CO., INC., MARK SCHARFF & ASSOCIATES LLC, 2170 MILL AVENUE LLC, 6202-6217 REALTY LLC, MARK SCHARFF ITF MICHAEL SCHARFF, MARK SCHARFF ITF DANIEL SCHARFF and MARK SCHARFF ITF ARIEL SCHARFF,<br><br>     Plaintiff,<br><br>  vs.<br><br>JPMORGAN CHASE BANK & CO., J.P. MORGAN SECURITIES, INC., AND CHASE INVESTMENT SERVICES CORP.<br><br>     Defendants | Civil Action No. 08-CV-5026 (WHP) |

**DECLARATION OF JAMES HENRY GLAVIN IV IN**
**SUPPORT OF THE MOTION OF ROBERT H. SHENKER AND**
**DAVID NIERENBERG FOR CONSOLIDATION, APPOINTMENT**
**AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**

I, James Henry Glavin IV, hereby declare:

1.      I am an attorney at the law firm of Stull, Stull & Brody.  I submit this Declaration in support of the Motion of Robert H. Shenker and David Nierenberg for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel.

2.      Attached hereto as Exhibit A is a true and correct copy of the notice published over *Business Wire* on June 5, 2008.

3.      Attached hereto as Exhibit B is a true and correct copy of the certification executed by Robert H. Shenker, demonstrating his class standing and requisite financial interest in the outcome of the litigation.

4.      Attached hereto as Exhibit C is a true and correct copy of the certification executed by David Nierenberg, demonstrating his class standing and requisite financial interest in the outcome of the litigation.

5.      Attached hereto as Exhibit D is a true and correct copy of Stull, Stull & Brody's firm résumé.

6.      Attached hereto as Exhibit E is a true and correct copy of Weiss and Lurie's firm résumé.

Executed on this 4th day of August, 2008.


                                              /s/ James Henry Glavin IV
                                              James Henry Glavin IV

1

# Exhibit A

Copyright 2008 Business Wire, Inc.
Business Wire

June 5, 2008 Thursday 2:38 PM GMT

**DISTRIBUTION:** Business Editors; Legal Editors

**LENGTH:** 525 words

**HEADLINE:** CORRECTINGand REPLACINGLaw Offices of Curtis V. Trinko, LLP Files Class Action Lawsuit against JP Morgan Chase & Co.

**DATELINE:** NEW YORK

**BODY:**

Third graph, first sentence of release dated June 06, 2008 should read: "... and continued to hold such securities as of February 13, 2008, you may, no later than August 4, 2008, request that the Court appoint you as lead plaintiff."(sted "... and continue to hold such securities as of February 13, 2008, you may, no later than July 15, 2008, request that the Court appoint you as lead plaintiff.").

The corrected release reads:

LAW OFFICES OF CURTIS V. TRINKO, LLP FILES CLASS ACTION LAWSUIT AGAINST JP MORGAN CHASE & CO.

The Law Offices of Curtis V. Trinko, LLP has commenced a class action lawsuit in the U.S. District Court for the Southern District of New York seeking to recover damages on behalf of all persons who purchased or acquired Auction Rate Securities from JP Morgan Chase & Co., and J.P. Morgan Securities, Inc. ("Defendants") between May 16, 2003 and February 13, 2008, inclusive (the "Class Period").

The complaint alleges that Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 by deceptively offering for sale Action Rate Securities, and represented to investors that these securities were the equivalent of cash or money-market substitutes, and/or other short term investments that were highly liquid and could be purchased with a minimum investment of $25,000. Defendants were deceptive in that they failed to disclose to consumers that auction rate securities are long-term financial instruments with maturities of 30 years to perpetuity, and that such securities were only liquid due to Defendants and other broker-dealers creating an artificial market for auction rate securities by manipulating the auction process. On or about February 13, 2008, Defendants and other major broker-dealers withdrew their support of these securities, causing holders of auction rate securities offered by the defendants as being highly-liquid investments to be left with no means of liquidating their holdings.

If you purchased or acquired auction rate securities from JP Morgan Chase & Co., or J.P. Morgan Securities, Inc. during the Class Period, and continue to hold such securities as of February 13, 2008, you may, no later than August 4, 2008, request that the Court appoint you as lead plaintiff.

A lead plaintiff is a representative that acts on behalf of other class members throughout the litigation. To be appointed lead plaintiff, the Court must determine that the class member's claim is typical of the claims of all class members, and that said class member will adequately represent the class. Under certain circumstances, multiple class members may serve as "lead plaintiffs." Your ability to share in any recovery is not affected by the decision whether or not to serve as lead plaintiff.

If you have any questions concerning this Notice, or your rights as a potential class member or lead plaintiff, please contact:
Curtis V. Trinko, Esq.
Law Offices of Curtis V. Trinko, LLP
16 West 46th Street, 7th Floor

CORRECTINGand REPLACINGLaw Offices of Curtis V. Trinko, LLP Files Class Action Lawsuit against JP Morgan Chase & Co. Business Wire June 5, 2008 Thursday 2:38 PM GMT

```
New York, New York 10036
Tel: (212) 490-9550
Fax: (212) 986-0158
ctrinko@trinko.com
```

CONTACT: Law Offices of Curtis V. Trinko, LLP
Curtis V. Trinko, Esq., 212-490-9550
Fax: 212-986-0158
ctrinko@trinko.com

**URL:** http://www.businesswire.com

**LOAD-DATE:** June 26, 2008

# Exhibit B

## PLAINTIFF CERTIFICATION

ROBERT H. SHENKER ("Plaintiff") hereby states that:

      1.      Plaintiff has reviewed the filed complaint.

      2.      Plaintiff did not purchase any auction rate securities from defendants at the direction of his counsel in order to participate in this action.

      3.      Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.

      4.      Plaintiff's purchases and sales of auction rate securities sold to him through defendants are attached as Attachment A to this document.

      5.      Plaintiff has not served or sought to serve as a representative party on behalf of a class under the federal securities laws during the last three years unless otherwise stated in the space below:

      6.      Plaintiff will not accept any payment for serving as a representative party on behalf of a class except to receive his pro rata share of any recovery, or as ordered or approved by the Court including the award to a representative party of reasonable costs and expenses including lost wages relating to the representation of the class.

      Plaintiff declares under penalty of perjury that the foregoing is true and correct.

Executed this _20_ day of July, 2008

_Robert H. Shenker_
Robert H. Shenker

**ATTACHMENT A**

ROBERT H. SHENKER'S TRANSACTIONS IN AUCTION RATE SECURITIES
SOLD TO HIM BY DEFENDANTS BETWEEN MAY 16, 2003 AND FEBRUARY 13,
2008, AND HELD AS OF FEBRAURY 13, 2008

| Trade Date | Auction Rate Security | Number of Shares | Price Per Share/Unit | Bought or Sold |
|---|---|---|---|---|
| February 5, 2008 | Metropolitan Transportation Authority Dedicated Tax Fund Variable Rate Bonds, Series 2004B (Auction Rate Securities) | 1,000,000 | $1 | Bought |

Exhibit C

## PLAINTIFF CERTIFICATION

DAVID NIERENBERG ("Plaintiff") hereby states that:

1.    Plaintiff has reviewed the filed complaint.

2.    Plaintiff did not purchase any auction rate securities from defendants at the direction of his counsel in order to participate in this action.

3.    Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.

4.    Plaintiff's purchases and sales of auction rate securities sold to him through defendants are attached as Attachment A to this document.

5.    Plaintiff has not served or sought to serve as a representative party on behalf of a class under the federal securities laws during the last three years unless otherwise stated in the space below:

6.    Plaintiff will not accept any payment for serving as a representative party on behalf of a class except to receive his pro rata share of any recovery, or as ordered or approved by the Court including the award to a representative party of reasonable costs and expenses including lost wages relating to the representation of the class.

Plaintiff declares under penalty of perjury that the foregoing is true and correct.

Executed this _30_ day of July, 2008

David Nierenberg

**ATTACHMENT A**

DAVID NIERENBERG'S TRANSACTIONS IN AUCTION RATE SECURITIES
SOLD TO HIM BY DEFENDANTS BETWEEN MAY 16, 2003 AND FEBRUARY 13,
2008, AND HELD AS OF FEBRAURY 13, 2008

| Trade Date | Auction Rate Security | Number of Shares | Price Per Share/Unit | Bought or Sold |
|---|---|---|---|---|
| January 3, 2007 | Dormitory Authority of the State of New York, Brooklyn Law School, Insured Revenue Bonds (Auction Rate Securities) | 25,000 | $1 | Bought |
| June 11, 2008 | Dormitory Authority of the State of New York, Brooklyn Law School, Insured Revenue Bonds (Auction Rate Securities) | 25,000 | $1 | Sold |
| January 18, 2007 | Metropolitan Transportation Authority, NY, Dedicated Tax Fund Variable Rate Bonds (Auction Rate Securities) | 25,000 | $1 | Bought |
| May 8, 2008 | Metropolitan Transportation Authority, NY, Dedicated Tax Fund Variable Rate Bonds (Auction Rate Securities) | 25,000 | $1 | Sold |
| May 23, 2006 | Triborough Bridge & Tunnel Authority, NY, Subordinate Revenue Variable Rate Refunding Bonds (Auction Rate Securities) | 150,000 | $1 | Bought |
| January 23, 2007 | Triborough Bridge & Tunnel Authority, NY, Subordinate Revenue Variable Rate Refunding Bonds (Auction Rate Securities) | 75,000 | $1 | Bought |

| June 12, 2007 | Triborough Bridge & Tunnel Authority, NY, Subordinate Revenue Variable Rate Refunding Bonds (Auction Rate Securities) | 225,000 | $1 | Sold |
| October 17, 2007 | Access to Loans For Learning Student Loan Corporation, Student Loan Program Revenue Bonds (Auction Rate Securities) | 150,000 | $1 | Bought |

Exhibit D

# STULL, STULL & BRODY

ATTORNEYS AT LAW

6 EAST 45TH STREET
SUITE 500
NEW YORK, NY  10017
TELEPHONE:  (212) 687-7230
FACSIMILE:  (212) 490-2022

10940 WILSHIRE BOULEVARD
SUITE 2300
LOS ANGELES, CA  90024
TELEPHONE:  (310) 209-2468
FACSIMILE:  (310) 209-2087

## BRIEF BIOGRAPHY OF STULL, STULL & BRODY

Over the past 30 years, Stull, Stull & Brody has developed a national reputation representing plaintiffs in securities class actions.  Stull, Stull & Brody has litigated hundreds of securities cases obtaining nearly a billion dollars in settlements for aggrieved shareholders.  Stull, Stull & Brody has also represented claimants in numerous class actions alleging violations of ERISA.  With 17 attorneys and a full complement of secretarial and administrative personnel, Stull, Stull & Brody is capable of effectively prosecuting all types of complex litigation.  Our lawyers possess outstanding credentials and have repeatedly been acknowledged for their achievements.

Stull, Stull & Brody has been recognized by numerous Courts for the high quality of its legal representation and for its excellence in the field of securities as evidenced by the following comments of judges in cases where Stull, Stull & Brody has taken a leading role:

> The firms involved, I think we heard from several of them today, the papers that have been submitted, it is clear of the dedication, devotion, professionalism, and in the court's view efficiency of these firms, so there is no question in the court's mind of the quality of the representation.  *In re American Express Fin'l Advisors Sec. Litig., 04* Civ. 1773 (DAB) (S.D.N.Y. July 13, 2007).

> [T]his is one of the largest, if not the largest, securities fraud settlements in this district.  The settlement size is particularly noteworthy as class counsel did not have the benefit of an SEC or other regulatory agency investigation and so prosecuted the case without assistance. . . .  The management of the case was also of extremely high quality. . . .  [C]lass

counsel is of high caliber and has extensive experience in similar class action litigation.  Each of the co-lead counsel firms has a national reputation for advocacy in securities class actions, and there is no doubt that this standing enhanced their ability to prosecute the case effectively and to negotiate credibly. . . .  The submissions were of consistently high quality, and class counsel has been notably diligent in preparing filing in a timely manner even when under tight deadlines.  *In re Ikon Office Solutions, Inc Securities Litigation*, 2000 U.S. Dist. LEXIS 6510 (E.D. Pa. May 9, 2000).

I am satisfied that counsel in this case are highly competent, very skilled in this very specialized area and were at all times during the course of the litigation . . . well prepared, well spoken, []knew their stuff and []were a credit to their profession.  They are the top of the line. *In Re Electro-Catheter Corporation Securities Litigation*, Civ. No. 87-41 (D.N.J. September 7, 1989).

The court takes note of the competence of both plaintiffs' counsel and defendants' counsel and their extensive experience in litigating securities class actions.  The competence of plaintiffs' counsel resulted in this case being vigorously and efficiently prosecuted against very able opponents over a twenty month period and was a factor in bringing about settlement.  *Schaffer v. Timberland Co.*, 94-634-JD (D.N.H. 1997).

This case is a "model for how commercial litigation should be conducted and can be resolved." *Bash v. Diagnostek*, CV 94-794 M (D.N.M.).

Indeed, I indicate to. . .counsel for plaintiff that they have done an admirable job in this case in bringing it to finality and in bringing back to the shareholders of this corporation some moneys [sic] as a result of certain things which occurred during the course of the operation of this corporation which perhaps should not have occurred.  *Finkel v. O'Brien*, Civ. No. 85-2539 (D.N.J. March 27, 1990).

All the firms involved in this litigation are highly experienced and well respected, particularly in the field of securities law litigation.  The Stull . . . firm [is one] of this area's, if not the nation's most active and successful law firms specializing in securities litigation.  *Stull v. Baker*, 410 F. Supp. 1326, 1332 (S.D.N.Y. 1976).

Stull, Stull & Brody's expertise in the field of securities litigation has also been

recognized by the following courts: *In re Frontier Group Insurance, Inc. Securities Litigation*, 172 F.R.D. 31 (E.D.N.Y. 1997); *In re Allegheny International Inc. Shareholder Litigation*, 86-835 (W.D. Pa.) (Order, December 10, 1987, Diamond J.); *Zucker v. United States Steel*, C-1-79-588 (S.D. Ohio) (Order, October 14, 1981, Rubin, C.J.); *Friedman v.*

*Colgate Palmolive*, 80 Civ. 2340 (CPS) (E.D. N.Y.) (Order, June 16, 1981, Sifton, J.);

*Zuckerman v. Sparton*, G79-457-C.A. (W.D. Mich.) (Opinion and Order, April 14, 1981,

Fox, J.); *Mottoros v. Abrams*, 524 F.Supp. 254 (N.D. Ill. 1981); *Koenig v. Smith*, 79 C 452

(ERN) (E.D.N.Y.) (Memorandum Opinion and Order, December 3, 1980, Neaher, J.);

*Koenig v. Kenneally*, 79 Civ. 0487 (LBS) (S.D.N.Y.) (Opinion No. 49289, November 5, 1979,

Sand, J.); *In Re Commonwealth Oil-Tesoro Petroleum Securities Litigation*, MDL No. 347

(Order, July 24, 1979, Higginbotham, J.); *Wietschner v. McCulloch*, CV 78-4036-RMT

(C.D. Ca.) (Order, June 29, 1979, Takasugi, J.); *Fruchthandler v. LTV Corp.*, 77C 1879

(E.D.N.Y.) (Order, May 10, 1978, Nickerson, J.); *Lewis v. Adikes*, 76 F.R.D. 68 (E.D.N.Y.

1977); *Lewis v. Black*, [1976-77 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶ 95,738 (E.D.N.Y.

1976) (Mishler, C.J.); *Fruchthandler v. Blakely*, 73 F.R.D. 318 (S.D.N.Y. 1976).

## SEMINAL CASES

Throughout its 30 year history, Stull, Stull & Brody has been involved with a

number of seminal cases that have significantly affected the landscape of securities

litigation.

- In *Rand v. Monsanto Company*, 926 F.2d 596 (7th Cir. 1991),the firm appeared for the plaintiff in a landmark decision establishing the principle that a representative plaintiff need not be willing to bear all costs of an action to satisfy the adequacy of representation requirement.

- In *Small v. Fritz Companies Inc.*, 30 Cal.4th 167 (2003), the firm successfully argued before the California Supreme Court that a non-trading shareholder has the right to sue a corporation for damages where the shareholder relies on false financial statements issued by the corporation. The decision represented a significant doctrinal change and was widely heralded as a potent new weapon for investors.

- In *Lewis v. Black*, 74 F.R.D. 1 (E.D.N.Y. 1975), the firm established that neither the personality nor the motive of a proposed class representative was determinative of whether he would provide vigorous advocacy for the class, thereby preventing defendant corporations from compelling representatives to respond to questions regarding motives and actions in past cases.

- In *In re Cabletron Systems, Inc. Securities Litigation*, 311 F.3d 11 (1st Cir.

2002), the firm was instrumental in obtaining a reversal of a dismissal of a complaint under the pleading requirements of the Private Securities Litigation Reform Act.  This case established in the First Circuit that plaintiffs are not required to provide the names of informants in a complaint.

♦    In *In re Frontier Group Insurance Litigation*, Master File No. 94 Civ. 5213 (E.D.N.Y. 2002), the firm was instrumental in defeating a *Daubert* challenge and sustained the ability of the expert to testify as to aggregate damages based on the use of a trading model.

♦    In *Harman v. Lyphomed, Inc.*, 122 F.R.D. 522 (N.D. Ill. 1988), the firm established the applicability of the fraud-on-the-market theory of reliance for stocks trading on NASDAQ.

♦    The firm was instrumental in establishing new law on "fraud on the market" theory in the 5th Circuit decision of *Finkel v. Docutel/Olivetti Corporation*, 817 F.2d 356 (5th Cir. 1987), *cert. denied*, 485 U.S. 959 (1988), and, in the Northern District of Illinois decision of *Mottoros v. Abrams*, 524 F.Supp. 254 (N.D. Ill. 1981).

As a lead counsel, Stull, Stull & Brody has successfully litigated hundreds of actions, recovering nearly a billion dollars on behalf of defrauded shareholders. A sampling of these cases in which Stull, Stull & Brody had a leading role include:

Settled Securities Class Action Cases

•    *In re Bankamerica Corp. Securities Litigation*, MDL No. 1264 (E.D. Mo. 2002) (recovery of $333.2 million)

•    *In re Geodyne Resources, Inc. Securities Litigation* (Harris County Tex.) (recovery of $200 million)

•    *In re Computer Associates Sec. Litig.*, Master File No. 98-CV-4839 (TCP) (E.D.N.Y. 2003) (recovery of 5.7 million shares (estimated at $134 million))

•    *Spahn v. Edward D. Jones & Co., L.P. et al.*, 04-CV-00086 (E.D. Mo. 2007) (recovery of $72.5 million in credits for current Edward Jones customers and $55 million in cash for former Edward Jones customers.  In addition, defendants paid all reasonable costs and expenses of class notice and settlement administration)

•    *In re American Express Financial Advisors Sec. Litig.*, 04-CV-1773 (S.D.N.Y.) (recovery of $100 million in cash and implementation of significant remedial measures.  In addition, defendants paid all reasonable costs of class notice and settlement administration, which is currently estimated to be $15 to 18 million)

•    *In re Ikon Office Solutions, Inc. Securities Litigation*, MDL No. 1318 (E.D. Pa.

May 9, 2000) (recovery of $111 million)

- *In re Salomon Brothers Treasury Litigation*, Consolidated Action No. 91 Civ. 5471 (RPP) (S.D.N.Y. 1994) (recovery of $100 million)

- *In re Westinghouse Securities Litigation,* Civil Action No. 91-354 (W.D. Pa. 1999) (recovery of $67.25 million)

- *In re Peregrine Systems, Inc. Sec. Litig.*, Civil Action No. 02-CV-870 J (RBB) (S.D. Ca. 2006) (recovery of $56.29 million for partial settlement of claims)

- *In re Thomas & Betts Securities Litigation*, Case No. 00-2127 (W.D. Tenn. 2002) - related case: *Pifko v. KPMG LLP*, Civ. Action No. 01-CV-2553 (W.D. Tenn. 2004) (recovery of $51.15 millon)

- *In re Tenneco Inc. Securities Litigation*, Civ. Action No. H-91-2010 (S.D. Tex. 1992) (recovery of $50 million)

- *In re Apria Healthcare Group Securities Litigation*, Master File No. 797060 (Superior Court of California, Orange County) (recovery of $42 million)

- *Thomas Levitan v. John B. McCoy, Jr., et al.*, Case No. 00 C 5096 (N.D. Ill. 2006) *(recovery of $39.9 million)*

- *In re Cannon Group Securities Litigation*, 86-5559-WMB (JRx) (C.D. Ca. 1988) (recovery of $33 million)

- *Teichler v. DSC Communications Corporation*, CA 3-85-2005-T (N.D. Tex. 1990) (recovery of $30 million)

- *Berger v. Compaq Computer Corp.*, Civ. Action No. 98-1148 (S.D. Tex. 2002) (recovery of $28.65 million)

- *In re: Northeast Utilities Securities Litigation*, Civil Action No. 397 CV 00189 AVC (D. Ct.) (recovery of $25 million)

- *Lasky v. Brown (United Companies Financial Corporation) Securities Litigation*, Civil Action No. 99-1035-B-M2 (M.D. La. 2002) (recovery of $20.5 million)

- *Lasker et al v. Kanas et. al*, Index No. 103557/06 (New York County, NY) (recovery of $20 million and other consideration)

- *Feinberg v. Hibernia Corp.*, Civil Action No. 90-4245 (E.D. La. 1995) (recovery of $20 million)

- *In re Dreyfus Aggressive Growth Mutual Fund Litigation*, Master File No. 98 Civ. 4318 (HB) (S.D.N.Y.) (recovery of $18.5 million)

- *In re C.R. Bard, Inc. Securities Litigation*, Master File No. 90-948 (AMW)

(D.N.J. 1991) (recovery of $17.9 million)

- *Spring v. Continental Illinois Corporation*, 84 C 4648 (N.D. Ill. 1987) (recovery of $17.5 million)

- *Morse v. Abbott Laboratories*, C.A. No. 90 C 1982 (N.D. Ill. 1994) (jury verdict of $15 million)

- *In re Green Tree Financial Corporation Stock Litigation*, Master File No. 97-2666 (JRT/RLE) (D. Minn. 2003) ($12.45 million)

- *In re Elscint Securities Litigation*, Civ. Action No. 85-2662-K (D. Mass. 1989) (recovery of $12 million)

- *In re National Medical Enterprises Securities Litigation II*, Case No. CV 93-5224 TJH (Bx) (C.D. Ca.) (recovery of $11.65 million)

- *Bash v. Diagnostic, Inc.*, Civil Action No. 94-784 (D.N.M.) (recovery of $10.7 million)

- *In re Cybermedia, Inc. Securities Litigation,* Master File No. 98-1811CBM (Ex) (C.D. Ca.) (recovery of $10.5 million)

- *In re Cabletron Systems, Inc. Sec. Litig.*, C 97-542 (D.R.I. 2006) (recovery of $10.5 million)

- *In re Physicians Corp. of America Sec. Litig.*, Case No. 97-3678-CIV (S.D. Fla. 2003) (recovery of $10.2 million)

- *In re Complete Management Inc. Sec. Litig.*, Master File No. 99 Civ. 1454 (NRB) (S.D.N.Y.) (recovery of $10.15 million)

- *In re U.S.A. Detergent Securities Litigation,* 97-CV-2459 (D.N.J. 1999) (recovery of $10 million)

- *In Re: Biopure Corporation Sec. Litig.*, Docket No. 03-CV-12628 (NG) (D. Mass. 2007) (cash recovery of $10 million)

- *In re Nice Systems, Ltd. Securities Litigation*, Master File No. 2:01 CV 737 (Judge Greenaway) (D.N.J. 2003) (recovery of $10 million)

- *Harman v. Lyphomed*, 88 C 476 (N.D. Ill. 1989) (recovery of $9.99 million)

- *In re Beverly Enterprises, Inc. Securities Litigation*, Master File No. CV 88-01189-RSWL (Tx) (C.D. Ca. 1992) (recovery of $9.975 million)

- *Greenfield v. Compuserve Corp.*, Case No. 96-CV-06-4810 (Franklin County, Ohio) (recovery of $9.5 million)

- *In re Stratosphere Securities Litigation*, Master File No. CV-S-96-00708-PMP

6

(RLH) (D. Nev.) (recovery of $9 million)

- *In re Steven Madden Ltd. Securities Litigation*, No. 00-CV-3676 (JG) (E.D.N.Y. 2002) (recovery of $9 million)

- *In re Gibraltar Financial Corporation Securities Litigation*, CV 87-07876 MRP (Gx) (C.D. Ca. 1989) (recovery of $8.5 million)

- *In re FHP Securities Litigation*, Master File No. SACV 91-580-GLT (RWRx) (C.D. Ca. 1992) (recovery of $8.25 million)

- *Zucker v. Maxicare Health Plans, Inc.*, Case No. 88-02499-LEW (Tx) (C.D. Ca. 1991) (recovery of $8.1 million)

- *In re Orion Pictures Corp. Securities Litigation*, Master File No. 91 CV 1903 (CBA) (E.D.N.Y. 1992) (recovery of $8 million)

- *Berlinsky v. Alcatel*, 94-CIV-9084 CBM (S.D.N.Y.) (recovery of $8 million)

- *In re Triton Energy Corporation Securities Litigation*, Master File No. 3:92-CV-1069-H (N.D. Tex. 1993) (recovery of $8 million)

- *In re Cityscape*, CV 97 5668 (E.D.N.Y.) (recovery of $7 million)

- *In re Dime Savings Bank of New York Securities Litigation*, MDL Docket No. 846 (E.D.N.Y. 1993) (recovery of $6.8 million)

- *In re Western Digital Securities Litigation*, SACV 91-375(A) GLT (RWRx) (C.D. Ca.) (recovery of $6.75 million)

- *In re Bank of New England Corporation Class Action and Shareholder Litigations*, C.A. Nos. 89-2582-S, 89-2811-S (D. Mass. 1992) (recovery of $6.5 million)

- *In re Berkshire Realty Company, Inc. Shareholder Litigation*, C.A. No. 17242 (Delaware Chancery Court 2004) (recovery of $6.25 million)

- *Gerstein v. Micron Technology, Inc., et al.*, Civil No. 89-1262 (D. Id. 1993) (recovery of $6 million)

- *In re Ziff-Davis, Inc. Securities Litigation*, Master File No. 98-CIV-7158 (SWK) (S.D.N.Y. 2002) (recovery of $6 million)

- *Dynegy Inc., et al. v. Bernard V. Shapiro, et al.*, No. 2002-00080, in the 129th Judicial District, Harris County, Texas (recovery of $6 million)

- *In re Ascend Communications Securities Litigation*, Case No. 97-9376 MRP (AN) (C.D. Ca. 2002) (recovery of $5.45 million)

- *In re Brightpoint, Inc. Securities Litigation*, Case No.  IP 01 1796 C-T/K (recovery of $5.25 million)

- *Kushner v. Wang Laboratories*, Civil Action No. 89-1963-Y (D. Mass. 1994) (recovery of $5 million)

- *In re SouthEast Banking Corp. Securities Litigation*, Master File No. 90-0760-CIV-MOORE (S.D. Fla. 1993) (recovery of $5 million)

- *Wells v. Southmark Corporation, et al.*, CA3-85-1518-G (N.D. Tex. 1992) (recovery of $5 million)

- *In re Regeneron Pharmaceuticals, Inc. Securities Litigation,* Civil Action No. 03 CV 311 (RWS) (S.D.N.Y. 2005) (recover of $4.7 million)

- *In re Sunglass Hut Intl., Inc. Securities Litigation*, Case No. 97-0191-CIV-MOORE (S.D. Fl. 2001) (recovery of $4.5 million)

- *Clive T. Miller v. Apropos Technology, Inc., et al.*, No. 01 C 8406 (N.D. Ill. 2004) (recovery of $4.5 million)

- *In re Fidelity Holdings Securities Litigation*, Case No. CV 00 5078 (CPS) (VVP) (E.D.N.Y. 2003) (recovery of $4.45 million)

- *Adam Burstyn, et al. v. Worldwide Xceed Group, Inc., et al.*, Case No. 01 CV 1125 (GEL) (S.D.N.Y. 2005) (recovery of $4.4 million)

- *In re NetEase.com Sec. Litig.*, Civil Action No. 01-CV-9405 (RO) (S.D.N.Y. 2003) (recovery of $4.35 million)

- *In re Flextronics, Inc. Sec. Litig.*, No. C-03-2102 PJH (N.D. Ca. 2004) (recovery of $4.25 million)

- *Schaffer v. Timberland Co.*, 94-634-JD (D.N.H. 1997) (recovery of $4.2 million)

- *In re HMO America Securities Litigation*, Civ. No. 92 C 3305 (CPK) (N.D. Ill. 1993) (recovery of $4 million)

- *In re Nanophase Technologies Corporation Securities Litigation*, Case No. 98 C 3450 (N.D. Ill.) (recovery of $4 million)

- *In re Quintex Securities Litigation*, Master File No. CV-89-6182-R (C.D. Ca. 1990) (recovery of $4 million)

- *Walsingham v. Biocontrol Tech. Inc.*, Civil Action No. 96-809 (W.D. Pa.) (recovery of $3.7 million)

- *In re Irvine Sensors Corp. Sec. Litig.*, Master File No. SA 02-00159 GLT (MLGx) (C.D. Ca. 1994) (recovery of $3.5 million)

- *In re iTurf Inc. Shareholders Litigation*, Consolidated Civil Action No. 18242 NC (Delaware Chancery Court) (recovery of $3.25 million)

- *In re Safety Kleen Rollins Shareholder Litig.*, Case No. 3:00-1343-17 (D.S.C. 2005)(recovery of $3.15 million)

- *In re Kay Jewelers Securities Litigation*, Civil Action No. 90-1663A (E.D. Va. 1991) (recovery of $3 million)

- *Clarkson v. Greyhound Lines, Inc.*, 96-11329-C (Dist. Ct., Dallas County, Tex.) (recovery of $3 million)

- *In re TwinLab Corp. Securities Litigation,* Master File No. 00-CV-6975 (DRH) (E.D.N.Y. 2005) (recover of $3 million)

- *In re Spectrian Corp. Securities Litigation*, Master File No. C-97-4672-CW (N.D. Ca.) (recovery of $2.975 million)

- *Moriarty v. Molina*, Case No. 99-0255-CIV-MORENO (S.D. Fla. 2003) (recovery of $2.8 million)

- *In re Peritus Software Services, Inc. Securities Litigation*, Civ. Action No. 98CV10955 WGY (D. Mass. 2000) (recovery of $2.8 million)

- *In re 2TheMart.com, Inc. Sec. Litig.*, Case No. 99-1127 DOC (ANx) (C.D. Ca. 2002) (recovery of $2.7 million)

- *McBride v. Vision Twenty-One, Inc.,* Case No. 99-138-CIV-T-25F (M.D. Fl. 2003) (recovery of $2.5 million)

- *In re Pharmaprint Inc. Sec. Litig.*, Civ. No. 00-61 (AJL) (D.N.J. 2003) (recovery of $2.3 million)

- *In Re: Columbia Entities Litigation*, 04-CV-11704 (D. Mass. 2004) (reduction in the overall rate charged as advisory fees (i.e., "breakpoints") when the mutual funds advised by the advisers reach certain levels of assets under management, enhanced shareholder communications, and a $100,000 contribution to research expenses for the benefit of some or all of the settling funds)

Settled ERISA Class Action Cases

- *In re AOL Time Warner ERISA Litigation*, Civil Action No. 02 CV 8853 (SWK) (S.D.N.Y. 2006) (recovery of $100 million in cash to the company's 401(k) plan in what the court noted was "one of the largest ERISA settlements to date")

- *In re Global Crossing Ltd. ERISA Litig.*, Master File No. 02-cv-7453 (GEL) (S.D.N.Y. 2004)  (Stull, Stull & Brody served as liaison counsel for the class in

a case which recovered a payment of $79 million to the company's 401(k) plan)

- *In re Lucent Technologies, Inc. ERISA Litig.*, Civil Action No. 01-cv-3491 (JAP) (D.N.J. 2005) (recovery of $69 million in cash and stock to the company's 401(k) plan)

- *In re Worldcom, Inc. ERISA Litig.*, Master File No. 02-4816 (DLC) (S.D.N.Y. 2005) (Stull, Stull & Brody served as local counsel for the class in a case which recovered $47.15 million for the company's 401(k) plan)

- *Harrington v. Household International, Inc.*, Civil Action No. 02 C 8257 (SY) (N.D. Ill. 2004) (recovery of $46.5 million in cash to the company's 401(k) plan)

- *In re Cardinal Health, Inc. ERISA Litig.*, No. C2-04-643 (ALM) (S.D. Ohio 2007) (recovery of $40 million in cash to the company's 401(k) plan)

- *In re Sears, Roebuck & Co. ERISA Litig.*, No. 02 C 8324 (JWD) (N.D. Ill. 2007) (recovery of $14.5 million in cash to the company's 401(k) plan)

- *Russell v. Conseco Services, LLC* 1:02-cv-1639-LJM (S. D. Ind. 2005) (recovery of $9.975 million in cash to the company's 401(k) plan)

- *In re Sprint Corporation ERISA Litig.*, Master File No. 2:03-CV-02202-JWL (D. Kan. 2006) (recovery of $4 million in cash, as well as benefits to participants in the company's 401(k) plans including: increased vesting of employee accounts; increased company matching of employer contributions; a number of participant-friendly plan amendments; and improved participant communications)

Stull, Stull & Brody's advocacy in these and other ERISA class actions, which have been brought on behalf of 401(k) retirement plan participants and beneficiaries, has also yielded new law in the ERISA field. For example, in the appeal of a dismissal of *In re AEP ERISA Litigation*, Stull, Stull & Brody successfully argued that the plaintiff, who had "cashed out" of his 401(k) plan, had standing to sue. The Sixth Circuit Court of Appeals agreed and remanded the case for further proceedings. *Bridges v. American Electric Power Co., Inc.*, 498 F.3d 442 (6th Cir. 2007). Also, in the *Lucent* ERISA litigation the firm was largely responsible for a frequently-cited ruling by the District Court dated February 11, 2002, where the Court denied a motion to stay the ERISA litigation against Lucent until resolution of a related securities class action against the company. Stull, Stull &

Brody's briefing on the stay motion pointed out the many significant differences between ERISA and securities class actions, even when the ERISA and securities cases involve the same factual issues. The District Court ultimately ruled that "resolution of the securities class action . . . will not necessarily resolve all issues in this matter" and "[t]he legal issues here will still have to be determined, and a stay or continuance shall not change that fact."

Various courts have noted Stull, Stull & Brody's excellence in the field of ERISA Class Actions. *E.g.*, *In re Cardinal Health, Inc. ERISA Litig.*, 225 F.R.D. 552, 556 (S.D. Ohio 2005) ("the Court finds that [co-lead counsel and] Stull, Stull & Brody have a high level of ERISA expertise and are willing to commit each firm's resources to this case such that they fairly and adequately represent all parties on their side"); *In re Sprint Corp. ERISA Litig.*, 443 F. Supp. 2d 1249, 1270 (D. Kan. 2006) ("The high quality of plaintiffs' counsel's work culminated in the successful resolution of this complex case. This was demonstrated by their successful and commendable prosecution of this case through the motion to dismiss stage and the ultimate settlement of this case under favorable terms."); *id.* at 1260 ("counsel litigated this case during its early phases aggressively and in a manner that demonstrated legal expertise in this area of the law"); *In re AOL Time Warner ERISA Litig.*, 2006 U.S. Dist. LEXIS 70474 (S.D.N.Y. 2006) ("Class counsel are qualified attorneys with considerable ERISA experience. Their prosecution of this lawsuit has secured the substantial Settlement now under consideration. Throughout this litigation, they have shown themselves to be capable and qualified to represent the Class."); *Hill v. Tribune Co.*, 2005 U.S. Dist. LEXIS 23931 (N.D. Ill. 2005) (finding "that the Stull Group has more experience and possibly greater resources" than the other applicant for lead counsel).

Settled Derivative Cases

- *Esther Sadowsky Testamentary Trust, et al. v. Brendsel*, et al. *(Federal Home Loan Mortgage Corporation)*, 05-cv-2596 (Oct. 27, 2006) (recovery of approximately $100 million as well as significant corporate governance measures)

- *In re Trump Hotels Shareholder Derivative Litig.*, 98-Civ-7820 (GEL) (S.D.N.Y. 2001) (recovery of assets for corporation valued in the range of $10 million)

Stull, Stull & Brody is presently serving as plaintiffs' lead or co-lead counsel in a

number of pending actions in various district courts, including:

Pending Securities Class Action Cases

- *Bachman v. AG Edwards, Inc., et al.*, Cause No. 22052-01266-02 (Mo. Cir. Ct.)

- *In re Arotech Corp. Securities Litigation*, Master File No. 07-CV-1838 (RJD) (VVP)

- *Sharon Bobbitt v. Andrew J. Filiposki, et al.*, No. 03 C 3599 (N.D. Ill.)

- *In re FleetBoston Financial Corp. Sec. Litig.*, Civ. No. 02-4561 (WGB) (D.N.J.)

- *In Re: Interlink Electronics Inc. Sec. Litig.*, 05-CV 08133 (AG) (SH) (W.D. Cal.)

- *In re Light Management Group, Inc. Sec. Litig.*, Civil Action No. 02-CV-3345 (RO) (S.D.N.Y.)

- *In re Merck & Co., Inc., Securities, Derivative & "ERISA: Litig.,* MDL No. 1658 (SRC), Case No. 2:05-CV-01151-SRC-MF, (D.N.J.) Case No. 2:05-CV-02367-SRC-MF (D.N.J.)

- *In re Metris Companies, Inc. Sec. Litig.*, Civil Action No. 02-CV-3677 JMR/FLN (D. Minn.)

- *In re Mutual Funds Investment Litig.,* MDL 1586, Case No. 04-MD-15863 (JFM) (D. Md.); *Parthasarathy v. RS Investment Management, L.P., et al.,* Case No. 04-cv-3798-JFM (D. Md.)

- *In re Peregrine Systems, Inc. Sec. Litig.*, Civil Action No. 02-CV-870 J (RBB) (S.D. Ca.) (for Securities Act of 1933 claims)

- *In re Priceline.com, Inc. Sec. Litig.,* Master File No. 3:00CV01884 (AVC) (D. Conn.)

- *In re Rambus Securities Class Action Litig.*, Master File No. CO6-4346 JF

(N.D. Calif.)

- *In re Rhythms Sec. Litig.,* Civil Action No. 02-K-35 (GCL) (D. Co.)

- *In re Xerox Sec. Litig.,* Civil Action No. 3:99 CV 2374 (AWT) (D. Conn.)

Pending ERISA Class Action Cases

- *Overby v. Tyco International, Ltd.,* Case No. 02-CV-1357-B (D.N.H.) (over 80 million pages of discovery were produced to counsel and over 250 days of deposition have been taken to date)

- *In re AEP ERISA Litigation*, Master File No. C2-03-67 (ALM) (S.D. Ohio)

- *Howell et al. v. Koenemann, et al*, Case No. 03-CV-5044 (RRP) (N.D. Ill.) (ERISA class action against Motorola, Inc.)

- *Zilhaver et al. v. UnitedHealth Group, Inc. et al*, Case No. 06-cv-2237 (JMR) (D. Minn.)

- *Quan v. Computer Sciences Corporation et al*, Case No. 06-cv-3927 (CBA) (E.D.N.Y.)

- *In re: Diebold ERISA Litig.,* Case No. 06-cv-00170 (SEL) (N.D. Ohio)

- *In Re Affiliated Computer Services ERISA Litig.*, Master File No. 06-CV-1592 (CBA) (N.D. Tex.)

- *In re Boston Scientific Corp. ERISA Litig.*, Master File No. 06-cv-10105 (JLT) (D. Mass.)  (Stull, Stull & Brody is serving as counsel for Plaintiffs)

- *Lanfear et al. v. Home Depot, et al*, 07-cv-197 (ODE) (N.D. Ga.) (appeal pending)

- *Pugh et al v. The  Tribune Companies et al*, 05-c-2927 (WTH) (N.D. Ill.) (appeal pending)

- *Fisher v. JP Morgan Chase & Co.*, et al., 03-CV-3252 (SHS) (S.D.N.Y.) (sole counsel for plaintiffs) (appeal pending)

Pending Derivative Cases

- *Pincus v. Browne, et al. (BP p.l.c.)*, 06-cv-6168 (S.D.N.Y. Aug. 14, 2006)

- *Lasker v. Massengill (In re State Court Western Digital Corp. Deriv. Litig.)*, 06-CC-00159 (Cal. Super. Ct., Orange County Aug. 14, 2006)

- *In re Foundry Networks, Inc. Deriv. Litig.*, 1:06-cv-068878 (Cal. Super. Ct., Santa Clara County Aug. 9, 2006)

- *In re Hewlett-Packard Company Derivative Litigation*, 1:06-cv-071186 (Cal. Super. Ct., Santa Clara County 2006), 2426-VCN (Delaware Chancery Court 2006)

- *In Re Jabil Circuit Options Backdating Litigation*, 06-CV-01257 (M.D. Fla. 2006)

- *Stoll et al., v. Glenayre Technologies, Inc. et al.*, 07-CV-00608 (S.D.N.Y. 2008)

- *Ekas v. Burris, et al. (Citrix Systems, Inc.)*, 07-016114-11, (Fla. Cir. Ct., Broward County 2007)

## ATTORNEYS

Stull, Stull & Brody maintains offices in both New York and Los Angeles. The following section sets forth basic educational and experience information for each of Stull, Stull & Brody's attorneys.

## NEW YORK

*Jules Brody* is a graduate of Brooklyn College, *magna cum laude*, and received his L.L.B. from the New York University School of Law in 1964. Mr. Brody made the Dean's List and was an editor of the Law Review. Mr. Brody was the author of "The Equitable Power to Assess Counsel Fees" which was published in the New York University Intramural Law Review in May 1964. At NYU, Mr. Brody was a John Norton Pomeroy Scholar and received the American Jurisprudence Prize in Commercial Law and graduated in the top 10% of his class. He was admitted to the New York State Bar in 1964. Mr. Brody received his LL.M. in taxation from the graduate division of the NYU School of Law in 1967. Mr. Brody is also admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York, the United States Courts of Appeals for the Second, Fourth and Fifth Circuits, and has been specially admitted to practice before various district courts throughout the United States.

*Edwin J. Mills* is Of Counsel to Stull, Stull & Brody. He is a graduate of Fordham University and received his J.D. from Brooklyn Law School in 1977. Mr. Mills was admitted to practice in the State of New York and in the Eastern District of New York in 1978. He has represented classes of purchasers of securities and shareholders for over 20 years in federal and state courts throughout the United States. He is experienced in all aspects of securities class action litigation, including settlement negotiation and trial. Mr. Mills is also active in several large ERISA class action cases brought on behalf of 401(k) retirement plan participants and beneficiaries, including cases involving Lucent Technologies, Household International, Tyco International, Conseco, American Electric Power and Sears.

*Mark Levine* is a graduate of the University of Maryland and received his J.D. from Brooklyn Law School in 1981. He was admitted to the New York State Bar in 1982 and is admitted to practice before the United States District Courts for the Southern, Western and Eastern Districts of New York and the Northern District of Illinois, the United

States Court of Appeals for the Second, Fourth, Sixth, Ninth, Tenth and Eleventh Circuits, and has been specially admitted to practice before various other state and federal courts.  He has participated in the litigation of securities class actions throughout the United States.

*Howard T. Longman* received his undergraduate degree from the University of Virginia and his J.D. from New York Law School in 1982.  Mr. Longman is a member of the New York State Bar and has also been admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York.

*Patrick K. Slyne* received his J.D. from the University of Wyoming in 1988.  He is a member of the Colorado, Connecticut and Wyoming state bars.

*Melissa R. Emert* received her undergraduate degree from the State University of New York at Stony Brook and her J.D. from Brooklyn Law School in 1988.  Ms. Emert is a member of the New York State Bar and has also been admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York.

*Aaron L. Brody* received his undergraduate degree from Yeshiva University, *summa cum laude*, Class of 1990, and his J.D. from New York University School of Law in 1995.  At NYU, Mr. Brody concentrated on securities law and was a staff editor on the *Review of Law and Social Change*.  Mr. Brody is a member of the New York State Bar and is admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York.

*Tzivia Brody* received her undergraduate degree from Stern College, *magna cum laude*, Class of 1992, and her J.D. from the Benjamin M. Cardozo School of Law in 1995.  Ms. Brody is a member of the New York State Bar and is admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York.

*Jason D'Agnenica* received his undergraduate degree from Providence College in 1995, B.A., cum laude, and his J.D. from St. John's University School of Law in 1998.  While at St John's, Mr. D'Agnenica participated in the Moot Court Honor Society advocacy competition and represented clients in consumer protection matters through St. John's Elder Law Clinic.  Mr. D'Agnenica also served as judicial intern for Magistrate Judge Timothy M. Boudewyns, United States District Court for the District of Rhode Island.  Mr. D'Agnenica is a member of the New Jersey State Bar and is admitted to practice before the United States District Court for the District of New Jersey and the Southern and Eastern Districts of New York.

*Nathan G. Lamm* received his undergraduate degree from Yeshiva University, Class of 1997, and his J.D. from Benjamin N. Cardozo School of Law in 2000.  Mr. Lamm is a member of the New York State Bar and is admitted to practice before the Southern and Eastern Districts of New York.

*Menashe Y. Shapiro* received his undergraduate degree from Yeshiva University, *cum laude*, Class of 1997, and his J.D. from Benjamin N. Cardozo School of Law in 2000. Mr. Shapiro is a member of the New Jersey State Bar and is admitted to practice before the United States District Court for the District of New Jersey and the Southern and Eastern Districts of New York.

*James Henry Glavin IV* received his undergraduate degree from Boston College, Class of 1999, and his J.D. from Fordham University School of Law in 2002. While at Fordham, Mr. Glavin served as an editor on the Moot Court Board and International Law Journal. Mr. Glavin is a member of the New York State Bar and is admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York.

*Michael J. Klein* received his undergraduate degree in 2001 from Emory University and his J.D., with honors, from the University of Connecticut School of Law in 2004. While at the University of Connecticut, Mr. Klein served as an executive editor of the Connecticut Law Review. Mr. Klein is a member of the New York and Connecticut State Bars and is admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York.

*James E. Lahm* received his undergraduate degree from The Ohio State University and his J.D. from Benjamin N. Cardozo School of Law in 2004. Mr. Lahm is a member of the New Jersey State Bar and is admitted to practice before the United States District Court for the Southern and Eastern Districts of New York and the District of New Jersey.

*Maksim Fuchs* received his undergraduate degree from Boston University, class of 2003, and his J.D. from Seton Hall School of Law in 2006. While at Seton Hall Mr. Fuchs finished in the top 16 of the Eugene Gressman Moot Court competition and served as the President of the Jewish Law Society. Mr. Fuchs is a member of the New York and New Jersey Bars.

## LOS ANGELES OFFICE

*Patrice L. Bishop* received her undergraduate degree from New York University and her J.D. from Loyola Law School - Los Angeles in 1994. Ms. Bishop is a member of the California State Bar and is admitted to practice before the United States District Courts for the Northern, Central, Southern and Eastern Districts of California, and the United States Court of Appeals for the Eighth and Ninth Circuits.

*Timothy J. Burke* graduated *magna cum laude* from Suffolk University and received his J.D. from the University of California at Los Angeles in 1995. Mr. Burke is a member of the California State Bar, and is admitted to practice before the United States District Courts for the Northern, Central, Southern and Eastern Districts of California, and the United States Court of Appeals for the Ninth Circuit.

16

Exhibit E

# WEISS & LURIE

Suite 2300
10940 Wilshire Boulevard
Los Angeles, CA 90024
Tel. (310) 208-2800
Fax (310) 209-2348

New York . Los Angeles

## FIRM BIOGRAPHY

The law firm of Weiss & Lurie has offices in New York City and Los Angeles.  In courts throughout the United States, the firm has litigated hundreds of stockholder class actions brought for violations of federal securities laws and shareholder class and derivative actions brought for violations of corporate and fiduciary duties.  The firm also represents consumers in several class actions in the area of consumer fraud and unfair practices.  The firm has served as lead counsel in numerous actions on behalf of defrauded institutions and individuals for whom it has recovered well over a billion dollars.

Numerous courts have commended the firm for its expertise and ability:

In Brody v. U.S. West, et al., No. CV-4142 (D. Colo.), Judge Coughlin observed that the case "was litigated by extremely talented lawyers" and "it took a great deal of skill to get to the point of trial." Referring to the firm, Judge Coughlin stated "there wasn't any other lawyers in the United States that took the gamble that these people did.  Not one other firm anywhere said, 'I am willing to take that on'...[the shareholders are] fortunate that they had some lawyers that had the guts to come forward and do it...I had the opportunity to watch these attorneys throughout this period of time when I had this case and the [lawyers'] ability is terrific."

In In re McLeodUSA Inc. Securities Litigation, No. C02-0001-MWB (N.D. Iowa), Chief Judge Mark Bennett stated at the final approval hearing: "I thought you all did a great job in this litigation" and "I think very highly of the work that all the lawyers did in the case, and [I am] pleased that you were able to get it resolved."

In Ellison v. American Image Motor, et al., Civil Action No. 97-3608 (S.D.N.Y.), Judge Chin, approving the settlement and fee application, commented that "It has been many years.  The case was

hard fought, very capable counsel on both sides, and I saw counsel many times.  It was a hard fought case.  It was a difficult case."...  "It's probably not said very often, but in this case I think plaintiffs' counsel are being under paid." ...  "Counsel did a great job..."

In In re United Telecommunications, Inc. Securities Litigation, No. 90-2251-0 (D. Kan.), Judge O'Conner stated "the court finds that plaintiffs' counsel were experienced and qualified attorneys with outstanding professional reputations in securities litigation who ably and zealously prosecuted the instant case on behalf of the class."

In In re VeriFone Inc. Securities Litigation, No. C-93-3640 DCJ (N.D. Cal.), Judge Jensen stated "I think the case was handled extremely well, extremely professionally, so I think you've done very well."

In In re Western Digital Securities Litigation, SACV 91-375(A) GLT (RWRx) (C.D. Cal.), Judge Taylor complimented plaintiffs' attorneys' work in the action, specifically noting "the caliber of the work involved [and] the quality of the attorneys involved."

In Georgallas v. Martin Color-Fi, Inc. Civil Action No. 6:95-06483 (D.S.C.), Judge Anderson expressed "the utmost respect" for the work of the firm.

In Bash v. Diagnostek, CV 94-794 M (D.N.M.), Judge Black said the case provided "a model for how commercial litigation should be conducted and can be resolved."

In In re National Medical Enterprises Litigation, CV 93-5223-TJH and CV 93-5313-TJH (C.D. Cal.), Judge Hatter summed up the settlement hearing by saying, "I want to again thank counsel for the work that you put into this and hopefully it's a settlement for which the claimants themselves will be appreciative of the results."

In In re Santa Fe Southern Pacific Corporation, Consol. Civ. No. 9523 (Del. Ch.), Chancellor Allen of the Delaware Chancery Court approved a settlement and cited the creativity and sophistication of plaintiffs' counsel.

Some of the actions which highlight the firm's accomplishments are:

2

### CASES IN WHICH WEISS & LURIE WAS LEAD OR CO-LEAD COUNSEL

Jordan v. California Department of Motor Vehicles (Sacramento Cal.): The California Court of Appeal, Third Appellate District, held that the State of California's $300 smog impact fee was unconstitutional, paving the way for the creation of a $665 million fund and full refunds, with interest, to 1.7 million motorists.

In re Geodyne Resources, Inc. Securities Litigation (Harris Cty. Tex.): A recovery (including related litigation) totaling over $200 million was obtained for the class.

Freddie Mac Derivative Litigation (S.D.N.Y.): Approximately $100 million was recovered for the Company and significant corporate governance measures were adopted.

Brody v. U.S. West, et al., (D. Colo.): A recovery of $50 million was obtained for the class.

In re Tenneco Securities Litigation (D. Tex.): A recovery of $50 million was obtained for the class.

In re Community Psychiatric Center Securities Litigation (C.D. Cal.): A recovery of $42.5 million was obtained for the class.

In re Crazy Eddie Securities Litigation (S.D.N.Y.): A recovery of $42 million was obtained for the class.

In re Apria Healthcare Group Securities Litigation (Orange County Cal.): A recovery of $42 million for the class was obtained for the class.

In re Canon Group Securities Litigation (C.D. Cal.): A recovery of $33 million was obtained for the class.

In re Platinum Software Securities Litigation (C.D. Cal.): A recovery of $32 million was obtained for the class.

In re McLeodUSA Inc. Securities Litigation, (N.D. Iowa): A recovery of $30 million was obtained for the class.

In re United Telecommunications Securities Litigation (D. Kan.): A recovery of $28 million was obtained for the class.

In re Bergen Brunswig Corp. Sec. Litig., (C.D. Cal.): A recovery of $27.9 million was obtained for the class.

In re Bank of New York Derivative Litigation (Sup. Ct. NY): A recovery of $26.5 million was obtained for the Company and significant corporate governance measures were adopted.

In re FirstEnergy Shareholder Derivative Litigation (N.D. Ohio): A recovery of $25 million was obtained for the Company and significant corporate governance measures were adopted.

In re Vodafone Group, PLC Securities Litigation (S.D.N.Y.): A recovery of $24.5 million was obtained for the class.

In re Abbey Healthcare Securities Litigation (C.D. Cal.): A recovery of $20.5 million was obtained for the class.

Feinberg v. Hibernia Corp. (D. La.): A recovery of $20 million was obtained for the class.

In re Southern Pacific Funding Corp. Sec. Litig., (D. Or.): A recovery of $19.5 million was obtained for the class.

In re Aura Systems, Inc. Securities Litigation (C.D. Cal.): A recovery of $18 million was obtained for the class.

In re MK Rail Securities Litigation (D. Idaho):  A recovery of $14.65 million was obtained for the class.

In re California Microwave Securities Litigation (N.D. Cal.): A recovery of $14 million was obtained for the class.

In re KeySpan Corporation Securities Litigation (E.D.N.Y.): A recovery of $13.75 million was obtained for the class.

In re Elscint Ltd Securities Litigation (D. Mass.): A recovery of $12 million was obtained for the class.

Bash v. Diagnostek (D.N.M.): A recovery of $11.7 million was obtained for the class.

In re Megafoods Securities Litigation (D. Ariz.): A recovery of $12 million was obtained for the class.

In re GTECH Securities Litigation (D.R.I.): A recovery of $10.25 million was obtained for the class.

In re Complete Management, Inc. Securities Litigation (S.D.N.Y.): A recovery of $10.15 million was obtained for the class.

Berlinsky v. Alcatel (S.D.N.Y.): A recovery of $8.8 million was obtained for the class.

Lopez v. Checkers Drive-In Restaurants, Inc. (M.D. Fl.): A recovery of over $8.175 million was obtained for the class.

In re Mesa Airlines Securities Litigation (D.N.M.): A recovery of $8 million was obtained for the class.

In re Resound Securities Litigation (N.D. Cal.): A recovery of $8 million was obtained for the class.

In re Castle Energy Corp. Securities Litigation (C.D. Cal.) A recovery of $7.5 million was obtained for the class.

In re Western Digital, Inc. Securities Litigation (C.D. Cal.): A recovery of $6.75 million was obtained for the class.

In re Circle K Securities Litigation (D. Ariz.): A recovery of $6 million was obtained for the class.

In re Aura Systems, Inc. Securities Litigation (C.D. Cal.): A recovery of $5.55 million was obtained for the class.

In re Ascend Communications Securities Litigation (C.D. Cal.): A recovery of $5.45 million was obtained for the class.

In re Southmark Securities Litigation (D. Tex.): A recovery of $5 million was obtained for the class.

In re WCT Securities Litigation (C.D. Cal.): A recovery of $5 million was obtained for the class.

In re Sumitomo Bank of California Securities Litigation (San Francisco Sup. Ct.): A recovery of $4.95 million was obtained for the class.

In re NextLevel Systems, Inc. Securities Litigation (N.D. Ill.): A recovery of $4.6 million was obtained for the class.

In re Shopping.com Securities Litigation (C.D. Cal.): A recovery of $4.5 million was obtained for the class.

In re Denver Bonds Securities Litigation (D. Colo.): A recovery of $4.5 million was obtained for the class.

In re Molecular Dynamics, Inc. Securities Litigation (N.D. Cal.): A recovery of $4 million was obtained for the class.

In re Party City Corp. Securities Litigation (D.N.J.): A recovery of $3.8 million was obtained for the class.

In re Iwerks Securities Litigation (C.D. Cal.): A recovery of approximately $3.5 million was obtained for the class.

In re Davstar, Inc. Securities Litigation (C.D. Cal.): A recovery of $3.4 million was obtained for the class.

In re Trident Securities Litigation (N.D. Cal.): A recovery of $3.15 million was obtained for the class.

In re Twinlab Corp. Securities Litigation (E.D.N.Y.): A recovery of $3 million was obtained for the class.

In re Offshore Pipelines Securities Litigation (S.D.N.Y.): A recovery of $3 million was obtained for the class.

Gorga v. Uniroyal Chemical Corp. (Sup. Ct. Conn.): A recovery of $3 million was obtained for the class.

In re Amylin Pharms. Securities Litigation (S.D. Cal.):  A recovery of $2.1 million was obtained for class.


**CLASS AND DERIVATIVE ACTIONS HANDLED BY WEISS & LURIE WHERE A SIGNIFICANT BENEFIT WAS OBTAINED FOR THE COMPANY AND/OR THE SHAREHOLDERS**

In re Santa Fe Southern Pacific Corporation (Del. Ch.).

In re Genentech Shareholder Litigation (N.D. Cal.).

<u>In re Beverly Enterprises Shareholder Litigation</u> (Del. Ch.).

<u>In re Tandon Computer Shareholder Litigation</u> (C.D. Cal.).

<u>In re Sears Shareholder Litigation</u> (D. Ill.).

<u>In re Xoma Shareholder Litigation</u> (N.D. Cal.).

<u>In re Castle Energy Corp. Shareholder Litigation</u> (C.D. Cal.).

<u>In re Times-Mirror, Inc. Shareholder Litigation</u> (C.D. Cal.).

<u>In re Lockheed Corp. Shareholder Litigation</u> (C.D. Cal.).

<u>In re Nexgen Securities Litigation</u> (N.D. Cal.).

<u>In re GT Greater Europe Securities Litigation</u> (N.D. Cal.).

<u>In re Pairgain Securities Litigation</u> (S.D. Cal.).

<u>In re AMI Securities Litigation</u> (L.A. Superior).

<u>Wallace v. Fox, et al. (Northeast Utilities)</u> (D. Conn.).

<u>BRIEF BIOGRAPHIES OF WEISS & LURIE ATTORNEYS</u>

**JOSEPH H. WEISS** is a 1972 graduate of Columbia University Law School, where he was an editor of the Law Review. He is also a 1972 graduate of Columbia University Graduate School of Business from which he obtained a Masters in Business Administration. Mr. Weiss is a member of the Bar of the State of New York and is admitted to practice in the Southern District of New York, the Eastern District of New York, the Courts of Appeal for the First, Second, Third, Ninth and Federal Circuits, and has been admitted to practice in numerous other federal and state courts. He specializes in prosecuting class and derivative actions throughout the United States and has been appointed lead counsel and successfully concluded numerous such actions.

**JORDAN L. LURIE** is a partner in the Los Angeles office. Mr. Lurie received his law degree in 1987 from the University of Southern California Law Center where he was Notes Editor of the University of Southern California Law Review. He received his undergraduate degree from Yale University in 1984 (*cum laude*). Mr. Lurie has participated in all aspects of class actions. Mr. Lurie is the co-author of "Postponing a Municipal Court Election: The November Election Provision of Government Code Section 71180(b)," <u>California Courts Commentary</u>, November 1989; co-author of "Chapter 54 - Consent Judgment" and "Chapter 55 - Submitted Case," <u>Civil Procedure Before Trial</u> (1990), published by California Continuing Education of the Bar; and author of "Rx for Pharmacy Malpractice: California's New Duty to Consult," <u>CEB Civil Litigation Reporter</u>, December 1991.

Mr. Lurie also has been a featured speaker at California Mandatory Continuing Legal Education seminars regarding securities fraud and class actions. Mr. Lurie is a member of the State Bar of California and is admitted to practice before the United States District Courts for the Northern, Southern, Central and Eastern Districts of California.

**MOSHE BALSAM** is a senior associate in the New York office. He graduated from Brooklyn Law School in 1981 with a specialty in securities law. He was admitted to the New York State Bar in 1982. Mr. Balsam is also a member of the bars of the United States District Courts for the Southern and

7

Eastern Districts of New York and has been admitted to practice before various other state and federal courts. He has participated in all aspects of numerous class action and shareholder derivative cases.

**DAVID C. KATZ** is a senior associate in the New York office. He is a 1988 Graduate of Benjamin N. Cardozo School of Law. He is admitted to the New York State Bar and the United States District Courts for the Southern and Eastern Districts of New York. He is experienced in all aspects of securities class and derivative litigation at both the trial and appellate level, and leads the firm's efforts devoted to enhancing corporate governance.

**JOSEPH D. COHEN** is a senior associate in the New York office. He graduated from Case Western Reserve University School of Law in May 1989, where he received an award for excellence in Business Law. He received an LL.M in Corporate law from New York University in 1990. Mr. Cohen has co-authored several articles: "Mitsubishi and Shearson: A Misplaced Trust in Arbitration," New England Business Law Journal, 1990; "The Effects of Tax Reform on Golden Parachutes," North Atlantic Regional Business Law Review, August 1988; "Dual Class Common Stock and Its Effects on Shareholders and Legislators," American Business Law Association National Proceedings, August 1988.

Mr. Cohen is admitted to the State Bars of California and Rhode Island, as well as the District of Columbia and the United States District Courts for the Central, Southern and Northern Districts of California.

**JAMES E. TULLMAN** is an associate in the New York office. He graduated from the University of Delaware (B.A., 1988), and The Jacob D. Fuchsburg Law Center of Touro College (J.D., 1991), where he was an editor of the Journal of the Suffolk Academy of Law, Touro College, 1990-1991. Mr. Tullman is admitted to the state bars of Connecticut, New York, and California, as well as the United States District Courts for the Southern and Eastern Districts of New York, the Northern, Central and Southern Districts of California, and the United States Court of Appeal for the Ninth and Third Circuit.

**RICHARD A. ACOCELLI** is an associate in the New York Office. He received his law degree in 1990 from St. John's University School of Law. He is admitted to the State Bar of New York and the

United States District Courts for the Southern and Eastern Districts of New York and the Eastern District of Michigan.

**JACK I. ZWICK** is an associate in the New York Office.  He received his law degree in 1993 from Benjamin N. Cardozo School of Law.  He is admitted to the New York State Bar and the United States District Courts for the Southern and Eastern Districts of New York.

**LEIGH A. PARKER** is an associate in the Los Angeles office.  She graduated from Indiana University (B.A. 1981), received her M.B.A. from the American Graduate School of International Management in 1982 and graduated from Loyola Law School in 1993, where she was a member of the Scott Moot Court Honors Board.  She is admitted to the Bar of the State of California and the United States District Courts for the Central, Northern, Southern and Eastern Districts of California, as well as the Ninth Circuit Court of Appeals.

**MARK D. SMILOW** is an associate in the New York office.  He graduated Benjamin N. Cardozo School of Law in 1993, *magna cum laude*, where he was a member of the Cardozo Law Review.  He is admitted to the New York and New Jersey State Bars, and the United States District Courts for the Southern and Eastern Districts of New York.  He has also been admitted in other courts throughout the nation for particular cases.  He has litigated all aspects of numerous class, shareholder, derivative and consumer class actions in both trial and appellate courts.

**ZEV B. ZYSMAN** is an associate in the Los Angeles office. He graduated from the University of Southern California (B.A. 1991), and received his law degree from the University of California, Hastings College of the Law (J.D. 1994). Mr. Zysman is admitted to the Bar of the State of California and the United States District Court for the Central District of California.

**JULIA J. SUN** is a junior associate in the New York office.  She received her B.A. in Political Science from Barnard College, Columbia University in 1998 and her J.D. from Brooklyn Law School in 2003.  Ms. Sun is admitted to the Bar of the State of New York and the United States District Courts for the Southern and Eastern Districts of New York.

**ILYA NUZOV** is a junior associate in the New York office.  He received his B.S. in Finance from Rutgers University in 2001 and his J.D. from Brooklyn Law School in 2004.  During law school, Mr. Nuzov worked at the State of New Jersey Office of the Attorney General, Bureau of Securities. Mr. Nuzov is admitted to the Bar of the State of New York and the United States District Courts for the Southern and Eastern Districts of New York.

**JOSHUA M. RUBIN** is a junior associate in the New York office.  He received a Bachelor of Talmudic Law from Ner Israel Rabbinical College in 2002 and his J.D. from Benjamin N. Cardozo School of Law in 2005.  Mr. Rubin is admitted to the Bar of the State of New York and the United States District Courts for the Southern and Eastern Districts of New York.  He is also an arbitrator qualified by the New York State Dispute Resolution Association and an emergency medical technician.