UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------x
MILTON CIPLET, Individually and on Behalf : Civil Action No. 08-CV-4580 (RMB)
of Himself and All Others Similarly Situated, :
: <u>CLASS ACTION</u>
Plaintiff, :
:
vs. :
:
JPMORGAN CHASE & CO. and J.P. :
MORGAN SECURITIES INC, :
:
Defendants. :
---------------------------------------:
MARK SCHARFF, PINE SASH DOOR & :
LUMBER CO., INC., MARK SCHARFF & :
ASSOCIATES LLC, 2170 MILL AVENUE :
LLC, 6202-6217 REALTY LLC, MARK : Civil Action No. 08-CV-5026 (RMB)
SCHARFF ITF MICHAEL SCHARFF, :
MARK SCHARFF ITF DANIEL SCHARFF : <u>CLASS ACTION</u>
And MARK SCHARFF ITF ARIEL :
SCHARFF, Individually and On Behalf of All :
Others Similarly Situated, :
:
Plaintiffs, :
:
vs. :
:
JPMORGAN CHASE BANK & CO., J.P. :
MORGAN SECURITIES, INC. and CHASE :
INVESTMENT SERVICES CORP., :
:
Defendants. :
---------------------------------------x

**MEMORANDUM OF LAW OF MILTON CIPLET, MARK
SCHARFF, PINE SASH DOOR & LUMBER CO., INC., MARK SCHARFF &
ASSOCIATES LLC, 2170 MILL AVENUE LLC, 6202-6217 REALTY LLC,
MARK SCHARFF ITF MICHAEL CHARFF, MARK SCHARFF ITF DANIEL
SCHARFF AND MARK SCHARFF ITF ARIEL SCHARFF IN OPPOSITION TO
COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND
<u>APPROVAL OF SELECTION OF COUNSEL</u>**

**I.      INTRODUCTION**

Class members Milton Ciplet, Mark Scharff, Pine Sash Door & Lumber Co., Inc., Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC, Mark Scharff ITF Michael Scharff, Mark Scharff ITF Daniel Scharff and Mark Scharff ITF Ariel Scharff (collectively "ARS Investors Group") respectfully submit this memorandum of law in further support of their motion to consolidate all related securities class actions pursuant to Fed. R. Civ. P. 42(a); to be appointed as Lead Plaintiff in the consolidated action; and to have their counsel the Law Offices of Curtis V. Trinko, LLP ("Trinko") and the Law Offices of Marc E. Scollar ("Scollar") appointed as Co-Lead Counsel for the Class; and in opposition to the competing lead plaintiff and lead counsel motions made pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4, *et seq.*

Currently pending before the Court are three competing motions for appointment as lead plaintiff in these consolidated securities fraud class actions. Each of the three motions seeks appointment of a group of persons to serve as lead plaintiffs in the Action pursuant to the PSLRA.

On the face of the three competing motions filed by the movants seeking to be appointed lead plaintiff, the ARS Investors Group, which suffered losses of $2,400,000.00 as a result of its members' purchases of auction rate securities ("ARS") from Defendants, JPMorgan Chase & Co. and J.P. Morgan Securities, Inc., (collectively, "JPMorgan") during the Class Period, May 16, 2003 to February 13, 2008, has the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(bb). *See* Trinko Decl., Ex. B and C. The ARS Investors Group's interest is $25,000 larger than that reported by the Assif Group and $1,250,000 larger than the Shenker and Nierenberg group.

In addition, the ARS Investors Group is a small and cohesive PSLRA group that satisfies the typicality and adequacy requirements of Fed. R. Civ. P. 23, is more than capable of prosecuting this litigation, and therefore is entitled to the presumption that it is the most adequate plaintiff pursuant to the PSLRA.  Accordingly, and because there are no possible grounds to rebut the presumption that the ARS Investors Group is the most adequate plaintiff, the ARS Investors Group respectfully requests that the Court grant its motion to consolidate, to be appointed Lead Plaintiff, and to approve its selection of the Trinko firm and the Scollar firm as Co-Lead Counsel.

## II.    ARGUMENT

### A.    THE ACTIONS SHOULD BE CONSOLIDATED

The federal securities class action, captioned *Ciplet v. JPMorgan Chase, et al.*, No. 08-cv-4580 (RMB), should be consolidated with *Scharff, et al. v. JPMorgan Chase Bank & Co., et al.*, No. 08-cv-5026 (RMB).  The movants of the three competing motions for the appointment as lead plaintiff do not object to the consolidation of the actions.  Further, the actions involve "common question[s] of law or fact."  Fed. R. Civ. P. 42(a).  Both actions allege that JPMorgan actively marketed auction rate securities as being the nature of cash equivalents and that they were highly liquid investment vehicles, while at the same time, JPMorgan manipulated the auction market for said securities to maintain the market's appearance of liquidity, and failed to inform the plaintiffs and other Class members of the true nature of auction rate securities and the market for them.  These actions should therefore be consolidated pursuant to Fed. R. Civ. P. 42(a).

B.  **THE ARS INVESTORS GROUP SHOULD BE APPOINTED LEAD PLAINTIFF**

The PSLRA requires that a court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members…" 15 U.S.C. § 78-u-4(a)(3)(B)(i).  The PSLRA mandates that the "most adequate plaintiff" is presumed to be the person or group of persons that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Here, because the ARS Investors Group has reported the largest financial interest and has *prima facie* satisfied the typicality and adequacy requirements of Rule 23, it is presumptively the "most adequate plaintiff." *Id.*

1.  **The ARS Investors Group Has the Largest Financial Interest in the Relief Sought by the Class**

Courts in the Second Circuit generally look at four factors to determine which plaintiff has the largest financial investment in the relief sought by the class: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." *In re eSpeed, Inc. Sec. Litig*, 232 F.R.D. 95, 100 (S.D.N.Y. 2005), *citing Lax v. First Merchs. Acceptance Corp.*, No. 97—Civ. 2715, 1997 WL 4610136, at *5 (N.D. Ill. Aug. 11, 1997).   In *In re UBS Auction Rate Securities Litigation*, 08 Civ. 2967 (S.D.N.Y. July 16, 2008)(LMM), the court deemed as lead plaintiff the plaintiff group holding the most illiquid auction rate securities.

Here, the ARS Investors Group clearly has the largest financial interest in the relief sought by the class because they expended the greatest amount of net funds in the purchase of ARS from JPMorgan.  The ARS Investors Group purchased $2,400,000 of ARS from JPMorgan

- 3 -

during the Class Period, which they still continue to hold. The ARS Investors Group had no ability to sell their securities by means of an auction market that has subsequently been exposed as being artificial and manipulated by JPMorgan, as well as other financial institutions. The ARS Investors Group holds $25,000 more in ARS than the Assif Group, the movant with the next largest holdings of $2,375,000. The purported holdings of the Shenker and Nierenberg movants of $1,150,000, collectively, is substantially smaller.

### 2. The ARS Group Satisfies the Relevant Rule 23 Requirements

After identifying the movant with the greatest financial interest, courts then determine whether the movant "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *see also Vladimir v. Bioenvision, Inc.*, 2007 WL 4526532, at *6 (S.D.N.Y. Dec. 21, 2007) *quoting Sofran v. LaBranche & Co.*, 220 F.R.D. 398, 402 (S.D.N.Y. 2004) (Once the court "identifies the plaintiff with the largest stake in the litigation, further inquiry must focus on the **plaintiff alone** and be limited to determining whether he satisfies the other statutory requirements.")(emphasis added)(citation omitted). If the movant with the greatest financial interest satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Labranche & Co.*, 229 F.R.D. 395, 411 (S.D.N.Y. 2004). Moreover, at the lead plaintiff stage, a movant need only make a *prima facie* showing that the adequacy and typicality requirements of Rule 23 have been met. *See*, *e.g.*, *Sofran v. Labranche & Co.*, 220 F.R.D. 398, 402 (S.D.N.Y. 2004); *Weinberg*, 216 F.R.D. at 252.

### (a) The ARS Investors Group's Claims are Typical of the Class Claims

The ARS Investors Group meets the typicality requirement of Rule 23(a). "The typicality threshold is satisfied 'where the claims arise from the same conduct from which the other class

members' claims and injuries arise.'" *Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) (internal citation omitted); *see also In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992). The ARS Investors Group's interests are the same as those of other Class members. As detailed in its opening brief, JPMorgan violated the Exchange Act by deceptively offering for sale ARS, representing to investors that these securities were highly liquid investments, and failing to disclose the true nature of the auction process and Defendants' role in manipulating the auction process. As such, the ARS Investors Group seeks to hold JPMorgan liable for the consequences of their violations of the Exchange Act. The ARS Investors Group alleges events and courses of conduct that give rise to claims that are the same as those of the Class. Accordingly, the ARS Investors Group's Claims are typical of the class claims.

**(b)    The ARS Investors Group Will Fairly and Adequately Represent the Interests of the Class**

The ARS Investors Group meets the adequacy requirement of Rule 23(a). The adequacy requirement is met if, "(1) the class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the interests of the class members are not antagonistic to one another; and (3) the lead plaintiff has a sufficient interest in the outcome to ensure vigorous advocacy." *Fitzgerald v. Citigroup Inc.*, 03 civ. 4305, 2004 WL 613107, at *4 (S.D.N.Y. Mar. 26, 2004) (citation omitted). Here, the ARS Investors Group's interests are the same as those of the other Class members and there is no evidence of any antagonism between those interests. In addition, the ARS Investors Group also has a significant interest in vigorously prosecuting this action to a successful conclusion based on the significant financial loss its members incurred as a result of the wrongful conduct alleged. Finally, the qualifications, experience and ability of the ARS Investors Group's chosen counsel, the Trinko law firm and Scollar law firm, which are highly qualified and experienced in prosecuting securities class actions and other complex litigation.

### (c) The Court Should Approve ARS Investors Group's Choice of Counsel

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject to court approval. *See* Exchange Act of 1934 § 21D(a)(3)(B)(v), 15 U.S.C. § 78u-4(a)(3)(B)(v). "the lead plaintiff is empowered under the PSLRA to select and retain counsel to represent the class members, subject to the approval of the court… '[T]he court should generally employ a deferential standard in reviewing the lead plaintiff's choices.'" *Bioenvision*, 2007 WL 4526532, at *11 (*citing In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). The ARS Investors Group has selected the Trinko law firm and the Scollar law firm to serve as Co-Lead Counsel for the Class. The Trinko law firm is highly experienced in leading the successful prosecution of securities class actions and other complex litigation. The Scollar law firm is highly experienced trial counsel regarding a variety of matters. As Co-counsel, the Trinko and Scollar firms bring together a diverse and highly specialized skill-set to prosecute this litigation successfully and efficiently on behalf of the Class.

### C.   COMPETING MOTIONS FOR LEAD PLAINTIFF SHOULD BE DENIED

As the ARS Investors Group has the greatest financial interest and satisfies the relevant requirements of Rule 23, the motions for leadership filed by the other movants should be denied. In fact, as the ARS Investors Group has readily met the requirements prescribed by the PSLRA for the appointment of lead plaintiff, the Court need not even address the "typicality" and "adequacy" of the other movants. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 268 (3d. Cir. 2001) ("once the presumption is triggered, the question *is not* whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a fair and adequate job." (emphasis in original)(internal quotations omitted); *Sofran*, 220 F.R.D. at 402.

Moreover, we note that the law firms of Girard Gibbs and Stueve Siegel, who represent the Assif Group (the movant with the next largest holdings after the ARS Investors Group), with Seeger Weiss as Liaison Counsel, are all highly reputable firms with experience in litigating securities class actions.

However, these firms are currently overcommitted to various ARS class actions and probably will not be able to effectively prosecute this particular litigation. In addition to the JPMorgan Chase litigation, counsel for the Assif Group is also counsel for the plaintiffs in at least thirteen other auction rate securities cases.[1] On June 12, 2008, counsel for the Assif Group moved for all auction rate securities actions filed nationally to be transferred for coordination or consolidation pursuant to 28 U.S.C. §1407 before the JPML.[2] In addition, Girrard Gibbs has already been appointed as Lead Counsel in ARS class actions against UBS Securities, Wachovia Corporation, and Raymond James Financial, and Stueve Siegel has been appointed as Lead Counsel in an ARS class action against E*TRADE Financial Corporation.

---

[1] Plaintiffs represented by the counsel for the Assif Group in the following thirteen auction rate securities cases filed a Motion to Transfer For Coordination before the Multi-District Litigation Panel on June 12, 2008: (1) *Chandler v. UBS AG, et al.*, Case No. 08-cv-02967 (S.D.N.Y.); (2) *Kraemer v. Deutsche Bank AG, et al.*, Case No. 08-cv-02788 (S.D.N.Y.); (3) *Burton v. Merrill Lynch Corp., et al.,* Case No. 08-cv-09037 (S.D.N.Y.); (4) *Waldman v. Wachovia Corp., et al.,* Case No. 08-cv-02913 (S.D.N.Y.); (5) *Humphrys v. TD Ameritrade Holding Corp., et al.*, Case No. 08-cv-02912 (S.D.N.Y.); (6) *Swanson v. Citigroup, Inc., et al.*, case No. 08-cv-03139 (S.D.N.Y.); (7) *Jamail v. Morgan Stanley, et al.*, Case No. 08-cv-03178 (S.D.N.Y.); (8) *Oughtred v. E*Trade Financial Corp.et al.*, Case No. 08-cv-03295 (S.D.N.Y.); (9) *Defer LP v. Raymond James Financial, Inc. et al.*, Case No. 08-cv-03449 (S.D.N.Y.); (10) *Van Dyke v. Wells Fargo & Co., et al.*, Case No. 08-cv-01962 (N.D. Cal.); (11) *Vining v. Oppenheimer Holdings, Inc., et al.*, Case No. 08-cv-04435 (S.D.N.Y.); (12) *Brigham v. Royal Bank of Canada, et al.*, Case No. 08-cv-04431 (S.D.N.Y.); and (13) *Bondar v. Bank of America Corp. et al.*, Case No. 08-cv-02599 (N.D. Cal.).

[2] The ARS Investors Group's memorandum in opposition to the motion for transfer is attached hereto as Exhibit A to the Declaration of Curtis V. Trinko in Opposition to Competing Motions for Appointment of Lead Plaintiff and Approval of Selection of Counsel.

**III.    CONCLUSION**

For all the foregoing reasons, the ARS Investors Group respectfully requests that the Court: (a) consolidate the *Ciplet* and *Scharff* actions pursuant to Fed. R. Civ. P. 42; (b) appoint the ARS Investors Group as Co-Lead Plaintiffs; (c) approve ARS Investors Group's selection of the Law Offices of Curtis V. Trinko, LLP and the Law Office of Marc E. Scollar as the Co-Lead Counsel for the Class; and (d) grant such other and further relief as the Court may deem just and proper.

DATED: August 28, 2008    Respectfully submitted,

LAW OFFICES OF CURTIS V. TRINKO, LLP
CURTIS V. TRINKO


                /s/ Curtis V. Trinko
CURTIS V. TRINKO (CT 1838)
WAI K. CHAN (WC 0743)

16 West 46th Street, 7th Floor
New York, NY  10036
Telephone:    (212) 490-9550
Fax:          (212) 986-0158
Email:        ctrinko@trinko.com
              kchan@trinko.com

[Proposed] Lead Counsel for Plaintiffs


LAW OFFICE OF MARC E. SCOLLAR
MARC E. SCOLLAR
1031 Victory Blvd.
Staten Island, NY 10301
Telephone:    (718) 720-4505
Fax:          (718) 720-5153
Email:        scollaratlaw@aol.com

[Proposed] Lead Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I, Wai K. Chan, certify that on August 28, 2008, I caused the following documents to be served electronically on the attached service list:

1 - Memorandum of Law of Milton Ciplet, Mark Scharff, Pine Sash Door & Lumber Co., Inc., Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC, Mark Scharff ITF Michael Scharff, Mark Scharff ITF Daniel Scharff and Mark Scharff ITF Ariel Scharff In Opposition To Competing Motions For Appointment of Lead Plaintiff and Approval of Selection of Lead Counsel;

2 - Declaration of Curtis V. Trinko In Opposition To Competing Motions For Appointment of Lead Plaintiff and Approval of Selection of Lead Counsel.

Dated: August 28, 2008
       New York, New York

                                              /s/Wai K. Chan
                                                  Wai K. Chan

**SERVICE LIST**

Christine McAteer Ford
Simpson Thacher & Bartlett LLP (NY)
425 Lexington Avenue
New York, NY 10017
(212)-455-2554
Fax: (212)-455-2502
Email: cford@stblaw.com

Jonathan K. Youngwood
Simpson Thacher & Bartlett LLP (NY)
425 Lexington Avenue
New York, NY 10017
(212) 455-2000
Fax: (212) 455-2502
Email: jyoungwood@stblaw.com

Thomas C. Rice
Simpson Thacher & Bartlett LLP (NY)
425 Lexington Avenue
New York, NY 10017
(212) 455-2000
Fax: (212) 455-2502
Email: trice@stblaw.com

*Attorneys for Defendants J.P Morgan Chase & Co.,
and J.P. Morgan Securities Inc*.

Marc Evan Scollar
Law Offices of Marc E. Scollar, Esq.
1031 Victory Blvd.
Staten Island, NY 10301
(718) 720-4505
Fax: 718 720 5153
Email: scollaratlaw@aol.com

*Attorneys for Movants Mark Scharff, Pine Sash Door & Lumber Co., Inc., Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC, Mark Scharff ITF Michael Scharff, Mark Scharff ITF Daniel Scharff and Mark Scharff ITF Ariel Scharff*