UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Milton Ciplet, Individually and on behalf of all Others similarly situated,<br><br>       Plaintiff,<br><br> -against-<br><br>JP Morgan Chase & Co. and J.P. Morgan Securities, Inc.,<br><br>       Defendants. | Civil Action No. 08-CV-4580 (RMB) |
| MARK SCHARFF, PINE SASH DOOR & LUMBER CO., INC., MARK SCHARFF & ASSOCIATES LLC, 2170 MILL AVENUE LLC, 6202-6217 REALTY LLC, MARK SCHARFF ITF MICHAEL SCHARFF, MARK SCHARFF ITF DANIEL SCHARFF and MARK SCHARFF ITF ARIEL SCHARFF,<br><br>       Plaintiffs,<br><br> vs.<br><br>JPMORGAN CHASE BANK & CO., J.P. MORGAN SECURITIES, INC., AND CHASE INVESTMENT SERVICES CORP.<br><br>       Defendants | Civil Action No. 08-CV-5026 (RMB) |

**ROBERT H. SHENKER AND DAVID NIERENBERG'S MEMORANDUM OF LAW IN OPPOSITION TO THE COMPETING MOTIONS FOR APPOINTMENT <u>AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

Robert H. Shenker and David Nierenberg (also, "Movants") hereby respectfully submit this memorandum of law in further support of their motion for appointment as Lead Plaintiff, consolidation of the above-captioned actions, and approval of their selection of Stull, Stull & Brody and Weiss & Lurie to serve as Lead Counsel and in opposition to the competing motions for appointment as lead plaintiff and approval of selection of counsel filed by the ARS Investors Group and the Assif Group.

## INTRODUCTION

The above-captioned cases, *Ciplet v. JP Morgan Chase & Co. et al.*, 08-CV-4580 (RMB) (S.D.N.Y. May 16, 2008) and *Scharff v. JPMorgan Chase Bank & Co. et al.*, 08-CV-5026 (RMB) (S.D.N.Y. June 2, 2008), are securities fraud class actions brought against JPMorgan Chase & Co. and certain of its affiliates (collectively, "Defendants" or "JPMorgan") alleging violations of the Securities Exchange Act of 1934 (the "Exchange Act") on behalf of all persons and entities who purchased auction rate securities from Defendants during the proposed Class Period. Three separate motions for appointment as lead plaintiff, consolidation of actions, and approval of selection of counsel have been filed with this Court.

Robert H. Shenker and David Nierenberg are presumptively the most adequate lead plaintiff under the provisions of the PSLRA. Robert H. Shenker and David Nierenberg also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. Therefore, they should be appointed Lead Plaintiff, and the Court should approve their selection of counsel.

## ARGUMENT

**I.     THE ACTIONS SHOULD BE CONSOLIDATED**

All movants agree that the *Ciplet* and *Scharff* actions should be consolidated for all purposes. *See Ciplet* Docket No. 35, 39 and 42.

1

II. **ROBERT H. SHENKER AND DAVID NIERENBERG
SHOULD BE APPOINTED LEAD PLAINTIFF**

  The PSLRA establishes the procedure governing the appointment of a lead plaintiff in "each action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(1). The PSLRA provides the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines the most adequate to represent the interests of the class members. *See* 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that - -
>
> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*See* 15 U.S.C. § 78u-4 (a)(3)(B)(iii)(I).

  A. **Robert H. Shenker and David Nierenberg
Satisfy the Requirements of the PSLRA**

  Movants purchased $1.15 million worth of auction rate securities from Defendants during the proposed Class Period which they continue to hold. *See* Declaration of James Henry Glavin IV in Support of the Motion of Robert H. Shenker and David Nierenberg for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel ("Glavin Decl.") (*Ciplet* Docket No. 41) at Ex. B and C. In addition, the lead plaintiff must also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Only the typicality and adequacy elements, however, are relevant to the selection of a lead plaintiff. *See*, *e.g.*, *Dolan v. Axis Capital Holdings Ltd.*, No. 04 Civ. 8564 (RJH), 2005 U.S. Dist. LEXIS 6538, at *11 (S.D.N.Y. 2005); *In re Espeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005); *Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004).

Typicality exists if claims "arise[] from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *See In re Drexel Burnham Lambert Group, Inc.*, 960 F. 2d 285, 291 (2d Cir. 1992), *cert. dismissed sub nom.*, 506 U.S. 1088 (1993); *see also In re Fuwei Films,* 247 F.R.D. 432, 436 (S.D.N.Y. Jan. 24, 2008). Here, Movants satisfy the typicality requirement because they purchased or otherwise acquired auction rate securities from Defendants during the Class Period as a result of Defendants' materially false and misleading statements and omissions, and they held their auction rate securities on the date Defendants withdrew their support for the auction market and the market collapsed. Thus, typicality is satisfied since the claims asserted by Movants arise from the same events or course of conduct that gives rise to claims of other class members, and the claims are based on the same legal theory.

Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." To fairly and adequately protect the interest of the class: "(1) there should be no conflict between the interests of the class and the named plaintiff nor should there be collusion among the litigants; and (2) the parties' attorney must be qualified, experienced, and generally able to conduct the proposed litigation." *See In re Fuwei Films*, 247 F.R.D. at 436

3

(citing *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, 229 F.R.D. 395, 412-13 (S.D.N.Y. 2004).

Here, Movants are clearly adequate representatives of the putative Class. As shown by the injury suffered by Movants, who purchased auction rate securities based on Defendants' misrepresentations and omissions that they were cash equivalents, Movants' interests are clearly aligned with the other members of the proposed Class, and there is no evidence of any antagonism between Movants' interests and those of the other members of the proposed Class. In addition, Movants have retained competent and experienced counsel to prosecute these claims. *See* Glavin Decl. (*Ciplet* Docket No. 41) at Ex. D and E.

Thus, Movants satisfy both the typicality and adequacy requirements of Rule 23.

### B.     The ARS Investors Group Cannot Be Appointed Lead Plaintiff

The PSLRA mandates that when a plaintiff files a complaint: "Each plaintiff **seeking to serve as a representative party** on behalf of a class **shall provide a sworn certification**, which shall be personally signed by such plaintiff and **filed with the complaint**." 15 U.S.C. § 78u-4(a)(2)(A). Members of the ARS Investors Group Mark Scharff, Pine Sash Door & Lumber Co., Inc., Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC, Mark Scharff ITF Michael Scharff, Mark Scharff ITF Daniel Scharff and Mark Scharff ITF Ariel Scharff (collectively, the "Scharff Plaintiffs") never provided a sworn certification with their complaint, filed on June 2, 2008. Therefore, the plain language of the statue makes clear that the Scharff Plaintiffs cannot be representative parties in this case.[1]

There are no exceptions in the PSLRA for plaintiffs who do not file certifications with

---

1    Movants, of course, are not arguing that the Scharff Plaintiffs suffered no damages and cannot recover in this action. Rather, Movants simply point out that the Scharff Plaintiffs' financial interest cannot be counted towards the ARS Investors Group's bid for appointment as

4

their complaints. *In re Initial Pub. Offering Sec. Litig.*, 241 F. Supp. 2d 281, 347 (S.D.N.Y. 2003) ("I have reviewed the certificates '**filed with the complaint**,' **as required by the PSLRA**…In a securities fraud class action, the lead plaintiff certification must be considered integral to the complaint because **it is required by the PSLRA**.") (emphasis added); *Greebel v. FTP Software*, 939 F. Supp. 57, 61 (D. Mass. 1996) (when selecting the lead plaintiff, only a movant who files a complaint must file a certification, and "**Congress mandated that a certification be filed with the complaint.**").

The fact that the Scharff Plaintiffs later filed a certification in their motion for appointment as lead plaintiff makes no difference for two reasons. First, as discussed above, the PSLRA clearly mandates that the Scharff Plaintiffs needed to file their certification with the complaint in order to meet the prerequisites for eligibility to apply to be a representative party, which they did not. Second, even assuming arguendo that the Scharff Plaintiffs were entitled to file a certification with their lead plaintiff motion instead of with the complaint (which contravenes the plain meaning of the statute), they nevertheless failed to file an adequate certification before the deadline established for lead plaintiff movants under 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).

Under 15 U.S.C. § 78u-4(a)(3)(A)(i)(II), the last day to file a motion for appointment as lead plaintiff in this action was August 4, 2008. On August 4, 2008, the ARS Investors Group (which includes the Scharff Plaintiffs) filed a motion for appointment as lead plaintiff, but the "certification" provided by the Scharff Plaintiffs was unsigned and did not attest to all of the language required by 15 U.S.C. § 78u-4(a)(2)(A)(vi). *See Ciplet* Docket No. 13 and 14. On August 5, 2008, **after the deadline to file a motion for appointment as lead plaintiff had**

---

lead plaintiff.

5

**expired**, the Scharff Plaintiffs filed a certification which was signed and contained all the language required by 15 U.S.C. § 78u-4(a)(2)(A)(vi), but that certification was filed too late.[2]  So even assuming that the Scharff Plaintiffs could file a certification with their motion for appointment as lead plaintiff instead of the complaint, they failed to timely file their certification under 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).  Thus, the Scharff Plaintiffs simply cannot be class representatives under the PSLRA.

The remainder of the financial interest claimed by the ARS Investors Group (specifically, Milton Ciplet's interest), is $1 million (*i.e.*, the total financial interest claimed by the ARS Investors Group minus the financial interest claimed by the Scharff Plaintiffs).  Consequently, the financial interest of the ARS Investors Group is less than the $1.15 million financial interest of Robert H. Shenker and David Nierenberg.

        C.      **The Assif Group Should Not Be Appointed Lead Plaintiff**

The putative Class consists of "all persons who acquired auction rate securities from J.P. Morgan from May 16, 2003 through February 13, 2008, both dates inclusive, and continued to hold said securities as of February 13, 2008 (the "Class")."  The only auction rate securities the Assif Group lists in their certifications, however, were purchased through Bank of America.  *See* Declaration of Jonathan K. Levine in Support of the Motion of the Assif Group for Consolidation of Actions, Appointment as Lead Plaintiff, and Approval of Selection of Counsel ("Levine Decl.") (*Ciplet* Docket No. 44) at Exhibit B, Attachment A and Exhibit C, Attachment A.  Bank of America is not even a party in this case and has no involvement whatsoever in these

---

2     Due to a filing error by the ARS Investors Group, on August 6, 2008 the Clerk of the Court asked the ARS Investors Group to refile the lead plaintiff motion papers that they filed on August 4, 2008.  That request had nothing to do with the deficient declaration submitted by the Scharff Plaintiffs.  Of note, however, is that the Scharff Plaintiffs did not refile the same declaration that the Clerk of the Court requested, namely the one filed on August 4, 2008.

proceedings.

15 USCS § 78u-4(a)(3)(B)(iii)(I)(bb) requires that a lead plaintiff movant have a financial interest "in the relief sought by the class." The Assif Group's transactions with non-party Bank of America have nothing to do with the relief sought by the putative Class. Therefore, the Assisf Group has no financial interest in the securities that are the subject of this action.

In addition, the Assif Group's counsel, Girard Gibbs LLP, filed the first complaint against Defendants (*see Silverman v. JPMorgan Chase & Co. et al.*, 08-cv-3177 (GEL) (S.D.N.Y. Mar. 31, 2008) (*Silverman* Docket No. 1)) alleging substantially the same facts and bringing the same claims as the *Ciplet* and *Scharff* actions. Girard Gibbs LLP and Silverman, however, chose to voluntarily dismiss that action on April 18, 2008 after Silverman had his shares redeemed. *See* Declaration of James Henry Glavin IV in Opposition to the Competing Motions for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel, dated August 28, 2008, at Ex. A. That choice is problematic for at least two reasons. First, Girard Gibbs LLP and Silverman provided no notice of the dismissal to the members of the putative Class. By providing no notice of the dismissal, some putative Class members may have had their claims extinguished. The *Silverman* complaint, filed March 31, 2008, was brought on behalf of a class who bought auction rate securities from JPMorgan between March 31, 2003 trough February 13, 2008, inclusive. The *Ciplet* action was the next action against Defendants and was not filed until May 16, 2008. Therefore, some putative Class members may have had their claims time barred under the five-year limitation period set forth in 28 U.S.C. § 1658(b).

Pre-certification class counsel owe a fiduciary duty not to prejudice the interests that

---

Instead, the Scharff Plaintiffs substituted the August 5, 2008 declaration in its place.

7

putative class members have in their class action litigation. *See Schick v. Berg*, 2004 U.S. Dist. LEXIS 6842, at * 19 (S.D.N.Y. Apr. 20, 2004). The scope of those duties is:

> [P]rotecting the substantive legal rights of putative class members that form the basis of the class action suit from prejudice in an action against the class defendant resulting from the actions of class counsel. Where the actions of class counsel put those rights at risk, class counsel must at a minimum put absent class members on notice and provide them with an opportunity to object.

*Id*.

The second reason why Movants find the voluntary dismissal of the *Siverman* action problematic is because Movants believe that there would be recoverable damages available to putative Class members who have their shares redeemed.

## **CONCLUSION**

For all the foregoing reasons, the related actions should be consolidated and Robert H. Shenker and David Nierenberg should be appointed as Lead Plaintiff and their selection of counsel, Stull, Stull & Brody and Weiss & Lurie, should be appointed as Lead Counsel.

Dated: August 28, 2008

9

        Respectfully submitted,

        **STULL, STULL & BRODY**

By:  /s/   James Henry Glavin IV
      Jules Brody (JB-9151)
      James Henry Glavin IV (JG-2188)
      6 East 45th Street
      New York, New York 10017
      (212) 687-7230

      **WEISS & LURIE**
      Jordan L. Lurie
      10940 Wilshire Blvd.
      Suite 2300
      Los Angeles, California 90024
      (310) 208-2800

      **Proposed Lead Counsel**