UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
MILTON CIPLET, Individually and on Behalf : Civil Action No. 08-CV-4580 (RMB)
of Himself and All Others Similarly Situated, :
: <u>CLASS ACTION</u>
Plaintiff, :
:
vs. :
:
JPMORGAN CHASE & CO. and J.P. :
MORGAN SECURITIES INC, :
:
Defendants. :
_____ :
MARK SCHARFF, PINE SASH DOOR & :
LUMBER CO., INC., MARK SCHARFF & :
ASSOCIATES LLC, 2170 MILL AVENUE :
LLC, 6202-6217 REALTY LLC, MARK : Civil Action No. 08-CV-5026 (RMB)
SCHARFF ITF MICHAEL SCHARFF, :
MARK SCHARFF ITF DANIEL SCHARFF : <u>CLASS ACTION</u>
And MARK SCHARFF ITF ARIEL :
SCHARFF, Individually and On Behalf of All :
Others Similarly Situated, :
:
Plaintiffs, :
:
vs. :
:
JPMORGAN CHASE BANK & CO., J.P. :
MORGAN SECURITIES, INC. and CHASE :
INVESTMENT SERVICES CORP., :
:
Defendants. :
---------------------------------------------------------------x

**REPLY MEMORANDUM OF LAW OF MILTON CIPLET, MARK SCHARFF, PINE SASH DOOR & LUMBER CO., INC., MARK SCHARFF & ASSOCIATES LLC, 2170 MILL AVENUE LLC, 6202-6217 REALTY LLC, MARK SCHARFF ITF MICHAEL SCHARFF, MARK SCHARFF ITF DANIEL SCHARFF AND MARK SCHARFF ITF ARIEL SCHARFF FOR CONSOLIDATION OF ALL RELATED ACTIONS; APPOINTMENT AS LEAD PLAINTIFF; AND APPROVAL OF ITS SELECTION OF <u>CO-LEAD COUNSEL AND IN OPPOSITION TO ALL COMPETING MOTIONS</u>**

**TABLE OF CONTENTS**

I.   INTRODUCTION ...................................................................................................................1

II.  ARGUMENT..........................................................................................................................1

    A.  Competing Lead Plaintiff Movants Have Failed to Rebut the Lead Plaintiff
        Presumption Favoring the ARS Investors Group ....................................................2

        1.  The ARS Investors Group has the Largest Financial Interest......................2

            a.  The Notice of Redemption is subject to revocation ………………2
            b.  There is no difference between the redemption of ARS from
                the issuer and the repurchase of ARS by JPMorgan pursuant
                to the settlement with the state regulators…………………………4

        2.  The ARS Investors Group Is Typical……………………………………...4

        3.  The ARS Investors Group Is Adequate……………………………………...5

            a.  The ARS Investors Group's selection of the Law Offices of
                Curtis V. Trinko, LLP and the Law Office of Marc. E. Scollar
                should be given great deference…………………………………...6
            b.  The Law Offices of Curtis V. Trinko, LLP and the Law Office
                of Marc E. Scollar are adequate Lead Counsel……………………7
            c.  The opposing movants fail to rebut the adequacy of the ARS
                Investors Group's proposed counsel………………………………8

        4.  The Scharff Certification Was Not Deficient and Has No Impact
            On the ARS Investors Group's Adequacy As Lead Plaintiff……………..9

            a.  The Scharff Certification is not deficient even though it was
                not filed concurrently with the Scharff Complaint………………..9
            b.  The Scharff Certification was not deficient when filed with
                the ARS Investors Group's Motion for the appointment of
                Lead Plaintiff and approval of Lead Counsel……………………10

III. CONCLUSION.....................................................................................................................11

## TABLE OF AUTHORITIES

**CASES**

Chill v. Green Tree Fin. Corp.,
    181 F.R.D. 398 (D. Minn. 1998) ................................................................................... 10

Ferrari v. Impath, Inc.,
    No. 03 Civ. 5667 (DAB), 2004 WL 1637053 (S.D.N.Y. July 20, 2004) .......................... 2

In re Cendant Corp.,
    264 F.3d 201 (3d Cir. 2001) ............................................................................................. 6

In re Crayfish Co. Securities Litigation,
    No. 00 civ. 6766IDAB, 2002 WL 1268013 (S.D.N.Y. June 6, 2002) .............................. 9

In re USEC Securities Litigation,
    168 F. Supp. 2d 560 (D.Md. 2001) .................................................................................. 9

McKitty v. Advance Tissue Scis., Inc.(In re Advance Tissue Scis. Sec. Litig.,
    184 F.R.D. 346 (S.D. Cal. 1998) ................................................................................... 10

Vladimir v. Bioenvision, 07 civ. 6416, 2007 WL 4526532, at *3 (S.D.N.Y. Dec. 21,
    2007) ................................................................................................................................. 6

**STATUTES & ADMINISTRATIVE CODES**

15 U.S.C. § 78u-4(a)(2)(A) ...................................................................................................... 9

15 U.S.C. § 78u-4(a)(3)(B)(iii) ................................................................................................ 1

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) .................................................................................. 1, 2, 5

15 U.S.C. § 78u-4(a)(3)(B)(v) ................................................................................................. 6

**RULES**

Fed. R. Civ. P. 23(a)) ............................................................................................................... 6

Fed. R. Civ. P. 42 .................................................................................................................... 12

Fed. R. Civ. P. 42(a) ................................................................................................................. 1

I.        INTRODUCTION

Lead Plaintiff Movants Milton Ciplet, Mark Scharff, Pine Sash Door & Lumber Co., Inc., Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC, Mark Scharff ITF Michael Scharff, Mark Scharff ITF Daniel Scharff and Mark Scharff ITF Ariel Scharff (collectively "ARS Investors Group") respectfully submit this reply memorandum of law in further support of their motion to consolidate all related securities class actions pursuant to Fed. R. Civ. P. 42(a), to be appointed as Lead Plaintiff in the consolidated action, and to have their counsel the Law Offices of Curtis V. Trinko, LLP ("Trinko") and the Law Offices of Marc E. Scollar ("Scollar") appointed as Co-Lead Counsel for the Class, and in opposition to all competing motions.

The ARS Investors Group is the presumptive Lead Plaintiff.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  Thus, the burdens is on the two competing movants to rebut this presumption with "proof" that the ARS Investors Group will not fairly and adequately represent the class, or is subject to unique defenses that will render it incapable of adequately representing the Class.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  The competing movants can do neither.

II.       ARGUMENT

As set forth in the ARS Investors Group's Initial Memorandum, and was verified by the Memorandum In Opposition To Competing Motions For Appointment As Lead Plaintiff and Approval of Selection of Counsel ("Opp."), the ARS Investors Group: (i) has the largest financial interest in this matter and is therefore the presumptive Lead Plaintiff; and (ii) also meets the Class certification requirements of Rule 23.  In order to rebut the PSLRA's most adequate plaintiff presumption, competing movants must offer "proof" that the ARS Investors Group "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  Indeed, "speculative and hypothetical" allegations "should not prevent the appointment" of lead plaintiff.  *See also Ferrari v. Impath, Inc.*, No. 03 Civ. 5667 (DAB), 2004 WL

1637053, at *6 (S.D.N.Y. July 20, 2004)(rejecting as a "red herring" attempts by counsel to use "innuendo and inferences rather than established fact" to rebut a proposed lead plaintiff group's most adequate plaintiff presumption). The competing movants fail to offer any proof that would rebut the ARS Investor Group as presumptive lead plaintiff.

### A. Competing Lead Plaintiff Movants Have Failed to Rebut the Lead Plaintiff Presumption Favoring the ARS Investors Group

#### 1. The ARS Investors Group has the Largest Financial Interest

The Assif Group's counsel attempts to rebut the ARS Investors Group's presumptive lead plaintiff status by arguing that the auction rate securities ("ARS") held by one of the named plaintiffs in the ARS Investors Group, Milton Ciplet, may be redeemed in full in the near future. As evidence, they point to a July 22, 2008 Notice of Redemption issued by the Triborough Bridge and Tunnel Authority, which announced the bond issuer's plan to redeem Mr. Ciplet's bonds on September 17, 2008. However, in making this argument, the Assif Group's counsel ignores two critical facts. First, the Notice of Redemption for the ARS held by Milton Ciplet is subject to revocation. Second, there is no difference between the proposed redemption of the ARS and the announced repurchase of ARS by JPMorgan from investors pursuant to the settlement reached between JPMorgan and the New York State Attorney General and the Office of Financial Regulation of the State of Florida.

#### a. The Notice of Redemption is subject to revocation

Even if this Court did consider the Assif Group's arguments, their arguments ignore the plain language stated in the July 22, 2008 Notice of Redemption. The Notice provides, "[a]s permitted by Section A-405 of the Triborough Bridge and Tunnel Authority Subordinate Revenue Resolution, as amended and supplemented, redemption of the Refunded Bonds on the redemption date set forth on Schedule A hereto is **subject to and conditioned upon there being sufficient money** on such redemption date to pay the redemption price of the Bonds to be redeemed on such

date." Ex. A, Trinko Decl. Moreover, the prospectus for Plaintiff Ciplet's ARS provides, "[a]ny notice of optional redemption may state that it is conditional upon receipt by the Trustee of money sufficient to pay the Redemption Price or upon the satisfaction of any other condition, or that it may be rescinded upon the occurrence of any other event, and any conditional notice so given **may be rescinded at any time before the payment of the Redemption Price if any such condition so specified is not satisfied or if any such other event occurs**." Ex. B, Trinko Decl. at p.14. (emphasis added).

The ARS held by Milton Ciplet are still illiquid and have neither been redeemed or repurchased by the issuer, Triborough Bridge and Tunnel Authority, or by JPMorgan. Ciplet Declaration at ¶3. Plaintiff Ciplet's ARS are scheduled to be redeemed on September 17, 2008. Ex. A. Trinko Decl, at p.2. However, the stated language of the Notice and the prospectus for this ARS clearly indicate that the redemption of the bonds at issue are contingent upon sufficient funds being available to the issuer, and that the announced redemption of the bonds may be rescinded prior to the actual redemption. In fact, JPMorgan informed Plaintiff Ciplet that they do not typically send notices of redemption to their clients because many times, notwithstanding an issued notice of redemption, the bonds are simply not redeemed as scheduled by the issuer. *See* Ciplet Declaration at ¶6. Therefore, until Plaintiff Ciplet's ARS are actually redeemed by the Triborough Bridge and Tunnel Authority, the Notice of Redemption should bear no weight upon this Court's decision on the motions for the appointment of lead plaintiff and the appointment of lead counsel.

    **b.  There is no difference between the redemption of ARS from the issuer and the repurchase of ARS by JPMorgan pursuant to the settlement with the state regulators.**

The Assif Group's counsel attempts to argue that the planned redemption of Plaintiff Ciplet's ARS is not equivalent to JPMorgan's settlement with the state regulators with regard to the current holders of ARS. This argument ignores the fact that as of the filing of the motions for the

- 3 -

appointment of lead plaintiff and the approval of lead counsel, all Movants still held illiquid ARS purchased from JPMorgan.  In addition, this argument again ignores the express language of the Notice of Redemption and the prospectus for the ARS.  By the very terms of the settlement available in press releases from JPMorgan, all of the Movants' ARS will be repurchased by JPMorgan on or before November 12, 2008 if they have not been previously redeemed by the Issuers.  Thus, by November 12, 2008, **all** individual, small corporate and charitable owners of ARS sold by JPMorgan will no longer hold their ARS.  Accordingly, it is meaningless to differentiate between ARS being redeemed or repurchased in September, October, and November, 2008.

### 2.    The ARS Investors Group Is Typical

The Assif Group argues that the ARS Investors Group is atypical of the Class.  Assif Opp. Mem. at 9.  First, the Assif Group argues that Plaintiff Ciplet's ARS will be redeemed and "because his auction rate holdings will be liquid shortly, Mr. Ciplet is not typical of most Class members whose auction rate securities holdings will remain illiquid." *Id.*  In making this argument, the Assif Group again ignores the express language of the Notice of Redemption and the prospectus for Plaintiff Ciplet's ARS, which grants the issuer the unilateral right to revoke the redemption prior to or on the redemption date.  In addition, the Assif Group completely ignores the fact that most, if not all, Class members will receive the principal repayment of their auction rate securities holdings pursuant to JPMorgan's settlement with the state regulators.

Second, the Assif Group argues that Plaintiff Scharff's claims are atypical purportedly because $600,000 of the $1.4 million ARS he holds did not become illiquid until five months after the initial collapse of the auction rate securities market.  Assif Opp. Mem. at 9.  Thus, they argue, Mr. Scharff's claim "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id. citing* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). The Assif Group's argument

is untrue and relies solely on an uncorroborated news report from the Bloomberg news databases. *See* Assif Opp. Mem. at 9.  *See also*, Scollar Decl. at ¶4.

Plaintiff Scharff's claims are typical of the class because he continues to hold ARS that are illiquid.  Soon after learning that the ARS market had collapsed and that his securities became illiquid on February 13, 2008, Plaintiff Scharff consistently contacted JPMorgan and urged them to liquidate his securities.  Scharff Decl. at ¶¶3-4.  JPMorgan informed Mr. Scharff that except for one of the smaller ARS he held[1], he could not redeem, sell, or otherwise recover any of the monies which he had invested in ARS through JPMorgan.  *Id.*  After February 13, 2008, Plaintiff Scharff continually requested that JPMorgan liquidate his ARS or that the issuer of his ARS redeem the ARS.  *Id.* at ¶5.  JPMorgan consistently represented to Plaintiff Scharff that his ARS remained illiquid and that he could not recover the monies that he had invested in these securities.  *Id.*

Accordingly, Plaintiff's Scharff's claims are typical of the other Class members.

### 3. The ARS Investors Group Is Adequate

The competing movants have failed to rebut the adequacy of the ARS Investors Group and their counsel.  The Court should not be swayed by the competing movants' arguments against the Trinko and Scollar firms and the ARS Investors Group's proposed counsel should be approved as co-lead counsel.  First, the ARS Investors Group's selection of counsel should be given great deference.  Second, the ARS Investors Group's chosen counsel are qualified, experienced, and generally able to conduct the litigation.  Fed. R. Civ. P. 23(a).  Third, the Court should ignore the competing movants' arguments because in attempting to rebut the ARS Investors Group presumptive Lead Plaintiff status, the Assif Group belittles the experience and capabilities of the

---

[1] This liquidated ARS is not a subject of this litigation and is not included in the calculation of the ARS Investors Group's financial interest.

ARS Investors Group's Counsel when at the same time, they overstate their abilities in order to bolster their own positions.

### a. The ARS Investors Group's selection of the Law Offices of Curtis V. Trinko, LLP and the Law Office of Marc E. Scollar should be given great deference

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject to court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). "[T]he court should generally employ a deferential standard in reviewing the lead plaintiff's choices.'" *Vladimir v. Bioenvision*, No. 07 Civ. 6416(SHS)(AJP), 2007 WL 4526532, at *11 (S.D.N.Y. December 21, 2007) (citations omitted). The ARS Investors Group, as the presumptive Lead Plaintiff, has selected the Law Offices of Curtis v. Trinko, LLP ("Trinko") and the Law Office of Marc E. Scollar ("Scollar") as the Co-Lead Counsel herein to pursue this litigation on their behalf, and have indicated their decision to retain these firms as co-lead counsel when they are appointed as Lead Plaintiffs. *See* Scollar Decl. at ¶1. Accordingly, the Court should honor the presumptive Lead Plaintiff's choice of counsel.

### b. The Trinko and Scollar firms are adequate Lead Counsel

The Trinko and Scollar firms are highly qualified and experienced in the prosecution of securities class actions and other complex litigations, and the Assif Group's attacks on the adequacy of the Law Offices of Curtis V. Trinko, LLP and the Law Office of Marc E. Scollar are unfounded.

The Trinko firm is highly qualified and has extensive experience in class action securities litigation and other complex investor-related litigation. For over twenty-eight years, Curtis V. Trinko, the principal of the firm has been actively involved in class action securities litigation, among other complex investor-related litigation, and has a great record of success in prosecuting these actions. *Id.* In fact, the most experienced attorney in this entire litigation is Curtis V. Trinko.

The Scollar firm is highly qualified trial counsel in a variety of complex matters. *See* Scollar Decl. at ¶¶6-12. Marc E. Scollar, the principal of the firm, has almost twenty years of

- 6 -

litigation and legal experience. *Id.* This experience includes the prosecution of hundreds of cases from commencement to finality (including final verdict) in cases involving many complex and unique legal issues, including complex contract disputes, civil rights actions, estate law, and bankruptcy. *Id.* Together as co-counsel, the Trinko and Scollar firms will bring both the experience and resources necessary to prosecute this litigation forward until it reaches resolution or final verdict.

### c. The opposing movants fail to rebut the adequacy of the ARS Investors Group's proposed counsel

In addition, the Assif Group's attack upon the proposed counsel of the ARS Investors Group is disingenuous. They state that the Trinko Firm has only one partner and two associates, and thus, has limited resources to devote to this litigation. Assif Opp. Mem. at 12. However, as stated in the ARS Investor's Group's Opposition Memorandum, the Assif Group's proposed counsel is overcommitted to various ARS class actions. The Assif Group exaggerates their counsels' devotion of resources to the prosecution of auction rate securities cases. The Assif Group represents to the Court that the three firms representing the group have "over 40 attorneys available to assist in the litigation" and "have been working full-time on the [sic] auction rate securities litigation." Assif Opp. Mem. at 9. The ARS Investors Group's counsel has been informed that approximately eight to ten lawyers from the three firms representing the Assif Group are working on their entire inventory of auction rate securities cases, not the forty attorneys that they represent to the Court. Trinko Decl. at ¶5. The Assif Group's counsel has filed thirteen other auction rate securities cases in the Southern District of New York and the Northern District of California, including five auction rate securities cases where they indicate they have already been appointed Lead Counsel, as well as championing a motion to transfer for coordination before the JPML of all auction rate securities actions filed nationally. Assif Opp. Mem. at 10-11, ARS Opp. Mem. at 7, fn 1. As such, with this

heavy existing caseload shared among only eight to ten lawyers, this particular litigation will most likely be neglected, especially when discovery and briefing deadlines in the other cases are pressing. In contrast, the Trinko and Scollar firms' sole auction rate securities case is this litigation against JPMorgan, and these firms will be able to devote the attention of all the attorneys of each firm to this one ARS litigation.

The Assif Group also argues that they have greater experience than other counsel with regard to auction rate securities cases. However, all auction rate securities cases were filed this year and thus, no counsel representing any of the plaintiffs in this or the other auction rate securities cases have any prior experience in prosecuting such actions. For the Assif Group to claim that they are "steeped in the complexities of auction rate securities and the related legal issues" is simply untrue. The Assif Group's proposed counsel merely has a greater volume of auction rate securities cases in their inventory and any additional experience they may have attained as such is nominal since all the auction rate securities cases are in their preliminary stages.

### 4. The Scharff Certification Was Not Deficient and Has No Impact On the ARS Investors Group's Adequacy As Lead Plaintiff

The ARS Investors Group consists of named plaintiffs Milton Ciplet and the Scharff Plaintiffs. Plaintiff Ciplet filed a certification pursuant to the PSLRA on the date of the filing of his complaint. 15 U.S.C. § 78u-4(a)(2)(A). The Scharff Plaintiffs did not file their certification until August 4, 2008 when the ARS Investors Group filed their motion for appointment as lead plaintiff. Contrary to the Shenker and Nierenberg Movants' (collectively the "Shenker Movants") assertion, the Scharff certification was not deficient. Since the purported holdings of the Shenker Movants are $1,250,000 less than the holdings of the ARS Investors Group, the Shenker Movants appear to be desperate to discredit the position of the ARS Investors Group in any way possible.

### a. The Scharff Certification is not deficient even though it was not filed concurrently with the Scharff Complaint

When a named plaintiff does not submit a certification fulfilling the requirements of the PSLRA, courts have accepted certifications submitted after the filing of the initial complaint when doing so is consistent with the purpose of the PSLRA. *See In re USEC Securities Litigation*, 168 F.Supp.2d 560, 568 (D.Md. 2001). The purpose of the PSLRA "was the belief that the plaintiff's bar had seized control of class action suits, bringing frivolous suits on behalf of **only nominally interested plaintiffs** in the hope of obtaining a quick settlement." *In re Crayfish Co. Securities Litigation*, No. 00 civ. 6766IDAB, 2002 WL 1268013, at *3 (S.D.N.Y. June 6, 2002) (emphasis added) (citations omitted). Where the later-submitted certification shows that the named plaintiff has suffered more than a nominal loss, that plaintiff is able to serve as class representative. *In re USEC Securities Litigation*, 168 F.Supp.2d at 568.

Here, Plaintiff Scharff's losses are significant and are more than just a nominal loss. Plaintiff Scharff currently holds $1,400,000 worth of auction rate securities purchased from JPMorgan. See, Ex. C to Trinko Decl, Scharff Certification at ¶6. Furthermore, Plaintiff Scharff invested the majority of his "life savings and also [his] children's college trust funds, companies' working capital and other funds all for the purchase of auction rate securities." *Id.* at ¶ 4. Accordingly, the Scharff Certification is not deficient.

### b. The Scharff Certification was not deficient when filed with the ARS Investors Group's Motion for the appointment of Lead Plaintiff and approval of Lead Counsel

The Shenker Movants argue that the Scharff Plaintiff's certification filed on August 4th failed to include all the requirements of the PSLRA, and that the corrected August 5th certification was filed after the expiration of the deadline to file a motion for appointment of lead plaintiff. *See* Shenker Opp. Mem. at 5-6. The Scharff certification filed on August 4th and August 5th is the same certification. Trinko Decl. at ¶6. The difference between the two filings is that on August 4th, due to

a transmission error when filing through the S.D.N.Y. E.C.F. system, the Scharff certification did not include the signature page.  Trinko Decl. at ¶7.  Soon after the error was identified on August 5th, the Trinko Firm re-filed the Scharff certification to include the missing page.  Trinko Decl. at ¶8.  Notwithstanding the above-noted filing correction, this Court required the competing lead plaintiff motions to be re-filed on August 21, 2008.  On August 21, 2008, the ARS Investors Group re-filed their motion, which this Court deemed to be filed as of August 4, 2008.  For this filing, the ARS Investors Group made sure that all pages were properly transmitted to the S.D.N.Y.'s E.C.F. system.

Since the aforesaid filing correction was made the following day, and since this Court ordered that all motions be re-filed, the parties have not been prejudiced in any way.  Clearly, the transmission error was inadvertent and to use such a technical deficiency to rebut the ARS Investors Group's presumptive lead plaintiff status would be inequitable.  *See Chill v. Green Tree Fin. Corp.*, 181 F.R.D. 398, 410-11 (D. Minn. 1998) (court allowed lead plaintiff movant to correct "technical deficiencies" in initial certification with supplemental filing); *McKitty v. Advance Tissue Scis., Inc.(In re Advance Tissue Scis. Sec. Litig.*, 184 F.R.D. 346, 351 n 12 (S.D. Cal. 1998) (court rejected argument that error in loss calculation should overcome statutory presumption favoring movant with largest financial interest).

**III.     CONCLUSION**

For all the foregoing reasons, the ARS Investors Group respectfully requests that the Court: (a) consolidate the *Ciplet* and *Scharff* actions pursuant to Fed. R. Civ. P. 42; (b) appoint the ARS Investors Group as Co-Lead Plaintiffs; (c) approve ARS Investors Group's selection of the Law Offices of Curtis V. Trinko, LLP and the Law Office of Marc E. Scollar as the Co-Lead Counsel for the Class; and (d) grant such other and further relief as the Court may deem just and proper.


DATED: September 5, 2008                    Respectfully submitted,


                                        LAW OFFICES OF CURTIS V. TRINKO, LLP
                                        CURTIS V. TRINKO


                                        /s/ Curtis V. Trinko
                                        CURTIS V. TRINKO (CT 1838)
                                        WAI K. CHAN (WC 0743)

                                        16 West 46th Street, 7th Floor
                                        New York, NY  10036
                                        Telephone:     (212) 490-9550
                                        Fax:               (212) 986-0158
                                        Email:             ctrinko@trinko.com
                                                        kchan@trinko.com

                                        [Proposed] Lead Counsel for Plaintiffs


                                        LAW OFFICE OF MARC E. SCOLLAR
                                        MARC E. SCOLLAR
                                        1031 Victory Blvd.
                                        Staten Island, NY 10301
                                        Telephone:     (718) 720-4505
                                        Fax:               (718) 720-5153
                                        Email:             scollaratlaw@aol.com

                                        [Proposed] Lead Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

I, Curtis V. Trinko, certify that on September 5, 2008, I caused the following documents to be

served electronically on the attached service list:

1 -  Reply Memorandum of Law of Milton Ciplet, Mark Scharff, Pine Sash Door & Lumber Co., Inc., Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC, Mark Scharff ITF Michael Scharff, Mark Scharff ITF Daniel Scharff and Mark Scharff ITF Ariel Scharff In Opposition To Competing Motions For Appointment of Lead Plaintiff and Approval of Selection of Co-Lead Counsel and In Opposition To All Competing Motoins;

2 -  Declaration of Curtis V. Trinko In Opposition To Competing Motions And In Further Support of the Motion Of Milton Ciplet, Mark Scharff, Pine Sash Door & Lumber Co., Inc., Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC, Mark Scharff ITF Michael Scharff, Mark Scharff ITF Daniel Scharff and Mark Scharff ITF Ariel Scharff for Consolidation of All Related Actions; Appointment As Lead Plaintiff; and Approval of Its Selection of Co-Lead Counsel;

3 -  Declaration of Milton Ciplet In Opposition To Competing Motions And In Further Support of the Motion Of Milton Ciplet, Mark Scharff, Pine Sash Door & Lumber Co., Inc., Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC, Mark Scharff ITF Michael Scharff, Mark Scharff ITF Daniel Scharff and Mark Scharff ITF Ariel Scharff for Consolidation of All Related Actions; Appointment As Lead Plaintiff; and Approval of Its Selection of Co-Lead Counsel;

4 -  Declaration of Marc E. Scollar In Opposition To Competing Motions And In Further Support of the Motion Of Milton Ciplet, Mark Scharff, Pine Sash Door & Lumber Co., Inc., Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC, Mark Scharff ITF Michael Scharff, Mark Scharff ITF Daniel Scharff and Mark Scharff ITF Ariel Scharff for Consolidation of All Related Actions; Appointment As Lead Plaintiff; and Approval of Its Selection of Co-Lead Counsel; and

5 -  Declaration of Mark Scharff In Opposition To Competing Motions And In Further Support of the Motion Of Milton Ciplet, Mark Scharff, Pine Sash Door & Lumber Co., Inc., Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC, Mark Scharff ITF Michael Scharff, Mark Scharff ITF Daniel Scharff and Mark Scharff ITF Ariel Scharff for Consolidation of All Related Actions; Appointment As Lead Plaintiff; and Approval of Its Selection of Co-Lead Counsel;

DATED: SEPTEMBER 5, 2008
  New York, New York

                /s/ Curtis V. Trinko
                 Curtis V. Trinko

**SERVICE LIST**

Christine McAteer Ford
Simpson Thacher & Bartlett LLP (NY)
425 Lexington Avenue
New York, NY 10017
(212)-455-2554
Fax: (212)-455-2502
Email: cford@stblaw.com

Jonathan K. Youngwood
Simpson Thacher & Bartlett LLP (NY)
425 Lexington Avenue
New York, NY 10017
(212) 455-2000
Fax: (212) 455-2502
Email: jyoungwood@stblaw.com

Thomas C. Rice
Simpson Thacher & Bartlett LLP (NY)
425 Lexington Avenue
New York, NY 10017
(212) 455-2000
Fax: (212) 455-2502
Email: trice@stblaw.com

*Attorneys for Defendants J.P Morgan Chase & Co.,
and J.P. Morgan Securities Inc*.

Marc Evan Scollar
Law Offices of Marc E. Scollar, Esq.
1031 Victory Blvd.
Staten Island, NY 10301
(718) 720-4505
Fax: 718 720 5153
Email: scollaratlaw@aol.com

*Attorneys for Movants Mark Scharff, Pine Sash Door & Lumber Co., Inc., Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC, Mark Scharff ITF Michael Scharff, Mark Scharff ITF Daniel Scharff and Mark Scharff ITF Ariel Scharff*