UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Milton Ciplet, Individually and on behalf of all Others similarly situated, <br><br> Plaintiff, <br><br> -against- <br><br> JP Morgan Chase & Co. and J.P. Morgan Securities, Inc., <br><br> Defendants. | Civil Action No. 08-CV-4580 (RMB) |
| MARK SCHARFF, PINE SASH DOOR & LUMBER CO., INC., MARK SCHARFF & ASSOCIATES LLC, 2170 MILL AVENUE LLC, 6202-6217 REALTY LLC, MARK SCHARFF ITF MICHAEL SCHARFF, MARK SCHARFF ITF DANIEL SCHARFF and MARK SCHARFF ITF ARIEL SCHARFF, <br><br> Plaintiffs, <br><br> vs. <br><br> JPMORGAN CHASE BANK & CO., J.P. MORGAN SECURITIES, INC., AND CHASE INVESTMENT SERVICES CORP. <br><br> Defendants | Civil Action No. 08-CV-5026 (RMB) |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF
ROBERT H. SHENKER AND DAVID NIERENBERG FOR APPOINTMENT
<u>AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

Robert H. Shenker and David Nierenberg (also, "Movants") hereby respectfully submit this reply memorandum of law in further support of their motion for appointment as Lead Plaintiff and approval of their selection of Stull, Stull & Brody and Weiss & Lurie to serve as Lead Counsel.

## INTRODUCTION

Robert H. Shenker and David Nierenberg have complied with the lead plaintiff procedures of the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and have demonstrated that they have the largest financial interest in the relief sought by the Class under those procedures. Robert H. Shenker and David Nierenberg's claims are typical, and they and their counsel will adequately represent the Class. Messrs. Shenker and Nierenberg are thus presumed to be the "most adequate plaintiff." No other movants dispute Robert H. Shenker and David Nierenberg's satisfaction of the typicality and adequacy requirements. As no one has rebutted the presumption in favor of Messrs. Shenker and Nierenberg, the Court should appoint them to serve as lead plaintiff and approve their selection of counsel.

## ARGUMENT

**I.    ROBERT H. SHENKER AND DAVID NIERENBERG
       SHOULD BE APPOINTED LEAD PLAINTIFF**

Robert H. Shenker and David Nierenberg purchased $1.15 million worth of auction rate securities from Defendants during the proposed Class Period which they continue to hold. *See* Declaration of James Henry Glavin IV in Support of the Motion of Robert H. Shenker and David Nierenberg for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel ("Glavin Decl.") (*Ciplet* Docket No. 41) at Ex. B and C. Movants' $1.15 million financial interest has not been questioned by any of the competing movants, and no competing movant who has complied with the requirements of the PSLRA has adequately demonstrated a

1

greater financial interest. Movants satisfy the typicality requirement because they purchased or otherwise acquired auction rate securities from Defendants during the Class Period as a result of Defendants' materially false and misleading statements and omissions, and they held their auction rate securities on the date Defendants withdrew their support for the auction market and the market collapsed.

Movants are also clearly adequate representatives of the putative Class. As shown by the injury suffered by Movants, who purchased auction rate securities based on Defendants' misrepresentations and omissions that they were cash equivalents, Movants' interests are clearly aligned with the other members of the proposed Class, and there is no evidence of any antagonism between Movants' interests and those of the other members of the proposed Class. In addition, Movants have retained competent and experienced counsel to prosecute these claims. *See* Glavin Decl. (*Ciplet* Docket No. 41) at Ex. D and E.

## II. THE ASSIF GROUP SHOULD NOT BE APPOINTED LEAD PLAINTIFF

### A. The Assif Group Has Not Adequately Established That It Has A Financial Interest "In The Relief Sought By The Class"

The members of the Assif Group have yet to submit any document under penalty of perjury or sworn thereto that establishes the purchase of specific securities from any entity other than Bank of America. The Assif Group's certifications on file contain an attachment listing only purchases of auction rate securities from Bank of America. *See* Declaration of Jonathan K. Levine in Support of the Motion of the Assif Group for Consolidation of Actions, Appointment as Lead Plaintiff, and Approval of Selection of Counsel ("Levine Decl.") (*Ciplet* Docket No. 44) at Ex. B, Attachment A, and Exhibit C, Attachment A. On September 4, 2008, the Assif Group's counsel submitted an "errata," signed only by its counsel, stating that the Assif Group's certifications should state that it purchased its securities from JPMorgan and not Bank of

2

America. *See* Notice of Errata (*Ciplet* Docket No.54). The submission by counsel does nothing to change the fact that the certification submitted by the Assif Group in support of its motion for appointment as lead plaintiff was incorrect when filed, and is still incorrect at this point. There is, therefore, no correct certification on file that is signed by the members of the Assif Group. *See Colvin v. Cigna Property & Casualty Co.*, 1992 U.S. Dist. LEXIS 7623, at * 6 (S.D.N.Y. May 21, 1992) (noting that for depositions, "an unsigned, undated list of corrections" will not be accepted); *Calloway v. Marvel Entertainment Group, Div. of Cadence Industries Corp.*, 110 F.R.D. 45, 52 (S.D.N.Y. 1986) (noting that for depositions, the Federal Rules of Civil Procedure "require[] the signature of the witness together with any changes in form or substance").

Thus, we are left with a situation where a movant seeks appointment as a lead plaintiff, yet has not filed a certification that identifies purchases from JPMorgan, despite having the opportunity to do so.

### B.    The Assif Group Cannot Adequately Protect The Interests Of The Class

Further worsening the situation, the Assif Group, over the past few weeks, has filed documents suggesting that it made auction rate security purchases from **three** unrelated defendants from different actions - and the Assif Group is claiming to be harmed **exclusively** by each one of those defendants.

On August 18, 2008, counsel for the Assif Group appeared in the auction rate securities class action against Citigroup Inc. et al. (collectively "Citigroup"), *Swanson v. Citigroup*, 08-cv-3139 (S.D.N.Y. March 27, 2008) on behalf Mr. Assif who is a movant plaintiff in that case. *See* Declaration of James Henry Glavin IV in Support of the Reply Memorandum of Law in Support of the Motion of Robert H. Shenker and David Nierenberg for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel, dated September 5, 2008 ("Sept. 5 Glavin Decl."), at Ex.

3

A and B. The *Citigroup* action alleges violations of the Securities Exchange Act of 1934. Yet, on August 21, 2008, Mr. Assif filed a certification in this action certifying under penalty of perjury that he has "not sought to serve or served as a representative party for a class in an action under the federal securities laws within the past three years." *See* Levine Decl. (*Ciplet* Docket No. 44) at Ex. B and C. Clearly, the Assif Group's filings are incorrect. Mr. Assif cannot, on one hand, be a plaintiff in the class action against Citigroup, and on the other, accurately claim in this case that he has not sought to serve as a representative party in any other action brought under the federal securities laws. This also makes it impossible to determine whether Mr. Assif purchased his auction rate securities from JPMorgan, Citigroup or Bank of America.

On May 19, 2008, Girard Gibbs LLP (just one of the three firms representing the Assif Group) stated that it had been contacted "by more than 2,000 auction rate securities investors." *See* Sept 5 Glavin Decl at Ex. C, p. 13. That was over three months ago. Considering the number of investors the Assif Group's counsel must presently be dealing with, and considering that they are involved in at least 13 other auction rate securities cases besides this one, including ones against Citigroup and Bank of America,[1] counsel for the Assif Group seem to have lost track of who the Assif Group purchased their securities from and who the Assif Group is aiming

---

1       Counsel for the Assif Group is involved in the following thirteen auction rate securities cases: (1) *Chandler v. UBS AG, et al.*, Case No. 08-cv-02967 (S.D.N.Y.); (2) *Kraemer v. Deutsche Bank AG, et al.*, Case No. 08-cv-02788 (S.D.N.Y.); (3) *Burton v. Merrill Lynch Corp., et al.*, Case No. 08-cv-09037 (S.D.N.Y.); (4) *Waldman v. Wachovia Corp., et al.*, Case No. 08-cv-02913 (S.D.N.Y.); (5) *Humphrys v. TD Ameritrade Holding Corp., et al.*, Case No. 08-cv-02912 (S.D.N.Y.); (6) *Swanson v. Citigroup, Inc., et al.*, case No. 08-cv-03139 (S.D.N.Y.); (7) *Jamail v. Morgan Stanley, et al.*, Case No. 08-cv-03178 (S.D.N.Y.); (8) *Oughtred v. E*Trade Financial Corp.et al.*, Case No. 08-cv-03295 (S.D.N.Y.); (9) *Defer LP v. Raymond James Financial, Inc. et al.*, Case No. 08-cv-03449 (S.D.N.Y.); (10) *Van Dyke v. Wells Fargo & Co., et al.*, Case No. 08-cv-01962 (N.D. Cal.); (11) *Vining v. Oppenheimer Holdings, Inc., et al.*, Case No. 08-cv-04435 (S.D.N.Y.); (12) *Brigham v. RoyalBank of Canada, et al.*, Case No. 08-cv-04431 (S.D.N.Y.); and (13) *Bondar v. Bank of America Corp. et al.*, Case No. 08-cv-02599 (N.D. Cal.).

4

to sue. It was improper for counsel for the Assif Group to move for admission *pro hac vice* as counsel for Movant Plaintiff Thomas C. Assif in the Citigroup case (*See* Sept 5 Glavin Decl. at Ex. B), and then three days later file a declaration in this case that Mr. Assif was not seeking to be a representative party against Citigroup (*Ciplet* Dkt No. 44).

The Assif Group itself is also no doubt confused since **the last documents it actually signed** did not disclose that fact that Mr. Assif was seeking to be a representative party against Citigroup and certified that it purchased its auction rate securities from Bank of America. Even in the "errata," counsel for the Assif Group fails to clear up whether Mr. Assif is involved in the action against Citigroup.

Considering that the Assif Group: 1) cannot seem to figure out which entity harmed them; 2) has yet to sign any document that lists any securities it purchased from JPMorgan; and 3) has yet to accurately represent in this case that they are involved in the Citigroup action, Movants maintain that the Assif Group has failed to make an adequate showing that it has an interest in the "relief sought by the class" and can adequately represent the Class in this action.

In addition, the Assif Group's counsel filed the first complaint against Defendants (*see Silverman v. JPMorgan Chase & Co. et al.*, 08-cv-3177 (GEL) (S.D.N.Y. Mar. 31, 2008) (*Silverman* Docket No. 1)) alleging substantially the same facts and bringing the same claims as the *Ciplet* and *Scharff* actions. The Assif Group's counsel, however, chose to voluntarily dismiss that action without providing notice of the dismissal to the members of the putative Class. The *Silverman* complaint was filed March 31, 2008. The *Ciplet* action was the next action against Defendants and was not filed until May 16, 2008. Therefore, some putative Class members may have had their claims time barred under the five-year limitation period set forth in 28 U.S.C. § 1658(b).

5

The Assif Group's counsel owe a fiduciary duty not to prejudice the interests of the Class in this action. *See Schick v. Berg*, 2004 U.S. Dist. LEXIS 6842, at * 19 (S.D.N.Y. Apr. 20, 2004). The scope of those duties is:

> [P]rotecting the substantive legal rights of putative class members that form the basis of the class action suit from prejudice in an action against the class defendant resulting from the actions of class counsel. Where the actions of class counsel put those rights at risk, class counsel must at a minimum put absent class members on notice and provide them with an opportunity to object.

*Id.* These duties apply **even if a class has not yet been certified**. *Doe v. Lexington-Fayette Urban County Gov't*, 407 F.3d 755, 761 (6th Cir. Ky. 2005) ("Most courts have found that Rule 23(e)'s notice requirement applies to putative class members as well as to certified class members… Even the circuits that have not required notice to putative class members as a general rule have warned that failure to provide notice is justified only in instances free of prejudice and collusion); *Schick v. Berg*, 2004 U.S. Dist. LEXIS 6842, at * 19 (S.D.N.Y. Apr. 20, 2004) (counsel has a duty to protect the "legal rights of **putative** class members") (emphasis added).

Under the circumstances, it is abundantly apparent that the Assif Group and its counsel are unable to adequately represent the Class.

### III.    THE ARS INVESTORS GROUP SHOULD NOT BE APPOINTED LEAD PLAINTIFF

The PSLRA mandates that when a plaintiff files a complaint: "Each plaintiff **seeking to serve as a representative party** on behalf of a class **shall provide a sworn certification**, which shall be personally signed by such plaintiff and **filed with the complaint**."  15 U.S.C. § 78u-4(a)(2)(A).  Members of the ARS Investors Group Mark Scharff, Pine Sash Door & Lumber Co., Inc., Mark Scharff & Associates LLC, 2170 Mill Avenue LLC, 6202-6217 Realty LLC, Mark Scharff ITF Michael Scharff, Mark Scharff ITF Daniel Scharff and Mark Scharff ITF Ariel

Scharff (collectively, the "Scharff Plaintiffs") never provided a sworn certification with their complaint, filed on June 2, 2008. Therefore, the plain language of the statue makes clear that the Scharff Plaintiffs cannot be representative parties in this case.

The fact that the Scharff Plaintiffs later filed a certification in their motion for appointment as lead plaintiff makes no difference. First, as discussed above, the PSLRA clearly mandates that the Scharff Plaintiffs needed to file their certification with the complaint. Second, even assuming arguendo that the Scharff Plaintiffs were entitled to file a certification with their lead plaintiff motion instead of with the complaint (which contravenes the plain meaning of the statute), they nevertheless failed to file an adequate certification before the deadline established for lead plaintiff movants under 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).

The last day to file a motion for appointment as lead plaintiff in this action was August 4, 2008. On August 4, 2008, the ARS Investors Group (which includes the Scharff Plaintiffs) filed a motion for appointment as lead plaintiff, but the "certification" provided by the Scharff Plaintiffs was unsigned and did not attest to all of the language required by 15 U.S.C. § 78u-4(a)(2)(A)(vi). *See Ciplet* Docket No. 13 and 14. So even assuming that the Scharff Plaintiffs could file a certification with their motion for appointment as lead plaintiff instead of the complaint, they failed to timely file their certification under 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).

Excluding the Scharff plaintiffs, the remainder of the financial interest claimed by the ARS Investors Group is $1 million. Consequently, the financial interest of the ARS Investors Group is less than the $1.15 million financial interest of Robert H. Shenker and David Nierenberg.

Also of note are the issues raised by the Assif Group as to the calculation of the $2,400,000 financial interest claimed by the ARS Investors Group. The ARS Investor Group's

7

purported financial interest is composed of (1) $1,000,000 in auction rate securities held by Milton Ciplet, and (2) $1,400,000 in auction rate securities held by the Scharff Plaintiffs.  As indicated in the Declaration of Jonathan K. Levine, filed August 28, 2008 (Dkt. No. 51), at Exhibit D, Milton Ciplet has received a notice of redemption of the full amount of his investment plus interest.  Also, according to the Declaration of Jonathan K. Levine, filed August 28, 2008 (Dkt. No. 51), at Exhibit F, $600,000 of the Scharff Plaintiffs' auction rate securities holdings did not begin to fail until July 29, 2008 - over five months after the end of the Class Period and the auction rate securities market is alleged to have collapsed.  If the Court finds that these amounts should be deducted, then Robert H. Shenker and David Nierenberg have a greater financial interest for this additional reason.

## **CONCLUSION**

For all the foregoing reasons, Robert H. Shenker and David Nierenberg should be appointed as Lead Plaintiff and their selection of counsel, Stull, Stull & Brody and Weiss & Lurie, should be appointed as Lead Counsel.

Dated: September 5, 2008

Respectfully submitted,

**STULL, STULL & BRODY**

By: /s/   James Henry Glavin IV
Jules Brody (JB-9151)
Mark Levine (ML-0180)
James Henry Glavin IV (JG-2188)
6 East 45th Street
New York, New York 10017
(212) 687-7230

**WEISS & LURIE**
Jordan L. Lurie
10940 Wilshire Blvd.
Suite 2300
Los Angeles, California 90024
(310) 208-2800

**Proposed Lead Counsel**

9